B. M. ISLER *vs.* JOHN S. ANDREWS, Sheriff.*

1. A sheriff, on a sale by him under execution, can demand *cash* of the purchaser, and on his refusal to pay it (even though such purchaser, as an execution creditor, is entitled to the proceeds of sale, less the costs, and offered to pay cash to the amount of the costs and enter satisfaction for the residue) may immediately resell.

2. Whether a sheriff so acting, arbitrarily, does not subject himself to an action, *quere.*

3. It seems that on a rule against a sheriff at the instance of such bidder to show cause why he should not execute a deed, the purchaser at a resale of the property ought to be made a party.

4. And, on the death of such sheriff, by virtue of the provisions of the Revised Code, chap 37, sec. 30, the rule should be served on h.s successor.

5. Before such successor can be required to convey to such first bidder, he is entitled to demand clear and conclusive evidence that a sale was made by his predecessor and also that the price was paid to him.

6. The natural evidence thereof is the return, though it seems that other evidence may be received.

*This case was docketed B. M. Isler *v.* O. R. Colgrove, but to avoid confusion as Colgrove had died and Andrews his successor as sheriff had been made party, his name is inserted for Colgrove's.

7.   Per RODMAN, J., *arguendo*: Perhaps such bidder might (by procuring the determination of the proper Court, of his right to priority of payment out of the proceeds of sale and an order to enter satisfaction *pro tanto*, on his execution,) be regarded as having become the purchaser, but, *held*, that in the absence of all such proof and in the face of a direct denial by such successor, no such inference can be made.

8.   Whether the execution creditor has any other remedy, *quere*.

The cases of *Owen* v. *Barksdale*, 8 Ired·, 31, and *Harris* v. *Irwin*, 7 Ired.; 482, cited and approved.

This was a rule *nisi* originally obtained on O. R. Colgrove, late sheriff of Jones, requiring him to show cause why he should not execute a deed as sheriff, to the plaintiff for a tract of land sold by him under execution.

The salient facts necessary to a proper understanding of the controversy, appear to be: that on the 2d day of January, 1869, said Colgrove having in his hands sundry executions, amongst which was one in favor of the plaintiff, which had priority of satisfaction, sold the land and it was knocked down to the plaintiff at a sum less than his execution called for; he offered to pay Colgrove the costs in cash and receipt on the execution for the balance, but Colgrove having refused to accede to this proposition, and having demanded the full amount of the bid in cash, and the plaintiff having refused to pay his entire bid, or any more than the costs in cash, Colgrove immediately put up the land again for sale, when one D. D. Colgrove, who knew of plaintiff's bid, became the highest bidder; O. R. Colgrove made no return on the execution nor did he or D. D. Colgrove pay the money into Court but O. R. Colgrove, as Sheriff, executed a deed to D. D. Colgrove.

O. R. Colgrove died before a determination was had on the rule, and one Pearce first, and then the present defendant Andrews, as his successor respectively were made parties defendant in his stead.

An answer was filed, stating that O. R. Colgrove had publicly proclaimed before the sale commenced, that owing to the

conflicting claims of the execution creditors he should require *cash* and should pay the same into Court and ask advice, &c. The rule coming on to be heard before His Honor, Judge Clarke, at Spring Term 1871, of June Superior Court, he discharged the same, and the plaintiff appealed.

> *Shipp* in support of the rule.
> *No Counsel contra.*

RODMAN, J.   The plaintiff obtained a rule on the present Sheriff of Jones county to show cause why he should not make to the plaintiff a conveyance for a piece of land purchased by plaintiff at an execution sale, made in 1869, by O. R. Colgrove, then Sheriff of Jones county.   The Judge finds in substance, that the Sheriff Colgrove sold the property of one Harrison at the time alleged, that he then had in his hands a *ven. ex.* in favor of plaintiff against Harrison, and also several other executions in favor of junior *teste*; that plaintiff bid off the land for a sum less than the amount of his execution, and offered to pay the Sheriff the costs, and to authorize him to credit the amount of his bid on the execution, and demanded a deed.   The Sheriff demanded cash to the amount of the bid, and as the plaintiff refused to pay, sold the land again when it was bid off by D. D. Colgrove, and the Sheriff made a deed to him, but never paid any money into Court.   Sheriff Colgrove is since dead.

It would seem to be clear that if the conveyance from the Sheriff which is demanded by the rule is to have the effect of defeating the title of D. D. Colgrove the second purchaser under plaintiff's execution, he ought to be party to it.

2. There is another objection to the present proceeding manifest on the plaintiff's case.   The Rev. Code, ch. 37, sec. 30, says, that when any Sheriff has sold real or personal estate,

B. M. ISLER *v.* JOHN S. ANDREWS.

and has died before executing a conveyance, his successor in office shall execute it, and it shall be as valid as if made by the officer who made the sale.

But necessarily the succeeding Sheriff must have evidence that the sale was made by his predecessor, and also that the price was paid to him. In this case it is not stated that Sheriff Colgrove ever made any return of the execution under which the plaintiff purchased, and it may be the case that if any such return was made, so far from stating a sale to the plaintiff, it stated a sale to D. D. Colgrove. Now, before the present Sheriff can be required to convey the land to the plaintiff as the purchaser, the fact of the sale must be established by clear and conclusive evidence. The natural evidence would be the Sheriff's return. Other evidence it is said may be received, (*Owen* v. *Barksdale*, 8 *Ire.*, 81); but the recitals of a deed, certainly where a deed is made by a successor, would not be evidence. When we look at the plaintiff's statement here, it does not prove a completed sale. Every Sheriff's sale is upon the implied condition that the purchaser shall comply with the terms by paying the price; otherwise the Sheriff may immediately re-sell. Here the price was not paid, (*Harris* v. *Irwin*, 7 *Ire.* 432.) It may be that the Sheriff, in refusing to credit the plaintiff's bid on his execution in lieu of the cash, was guilty of a wrongful act for which he became liable in damages. It may also be stated that if the plaintiff had procured the order of the proper Court, determining his right to priority of payment out of the fund, and an order to enter satisfaction *pro tanto* on his judgment, this would have been equivalent to a payment of the money. But can we say, at least in the absence of these things, that there was a sale, when the Sheriff says there was no sale, and refused to acknowledge the plaintiff as a purchaser. A Sheriff in selling land acts under a power. A Court of Equity will aid the defective execution of a power, when the possessor of the power intends to execute it and fails to do so by accident; but it will not sup-

ply an entire defect of execution, and especially where there was no intention to execute.

We concur with His Honor; the rule must be discharged. Whether the plaintiff has any other remedy it is not for us to say.

Per Curiam.                              Judgment affirmed.