O. B. D. EDWARDS and wife v. JOHN TIPTON and others.

*Sheriff's Deed--Return to Execution--Evidence.*

1. A deed made by a succeeding Sheriff (or Coroner) operates by virtue of the statute (Bat. Rev. ch. 35 § 27) to pass the title to what was sold, but it is not evidence to show what that was. Its recitals are only hearsay.

2. The return of a Sheriff upon a writ is *prima facie* evidence of what it states and cannot be collaterally impeached ; *Therefore*, where a Judge in the Court below refused to admit the return to an execution made by a Sheriff, for the purpose of contradicting the deed of a succeeding Sheriff ; *Held*, to be error.

3. Parol evidence is admissible to explain a latent ambiguity in the description of land contained in a deed.

(*Isler* v. *Andrews*, 66 N. C. 552 ; *Harris* v. *Irwin*, 7 Ire. 432 ; *Jackson* v. *Jackson*, 13 Ire. 159 ; *Owen* v. *Barksdale*, 8 Ire. 81 ; *McPherson* v. *Hussey*, 2 Dev. Eq. 323 ; *Judge* v. *Houston*, 12 Ire. 108 ; *Bradshaw* v. *Ellis*, 2 D. & B Eq. 20 ; *Rogers* v. *Brickhouse*, 5 Jones Eq. 301, cited, distinguished and approved.)

CIVIL ACTION for the Possession of Land, tried at Spring Term, 1877, of MITCHELL Superior Court, before *Furches, J.*

The plaintiffs, for the purpose of establishing their title, introduced a deed from one Brown to William Edwards, dated the 15th of August, 1833, and a deed from said Edwards to Lavina Edwards, the *feme* plaintiff, dated the 24th of January, 1861, and then offered other testimony tending to show adverse possession for more than twenty-one years.

The defendants claimed as heirs at law of one Hughes, who had bought the land in controversy of one Flemming, now deceased. Hughes took a bond for title and paid the purchase money. The bond was lost, and no deed was ever made by Flemming before his death, or by his heirs at law or personal representative. Hughes entered in 1856, and he and those claiming under him have continued in possession ever since. They then offered in evidence a deed from the

Coroner of the County to the heirs of said Flemming. This was objected to by the plaintiffs, because it was executed by a Coroner who was the successor of the Coroner who made the sale, and because the defendants had not produced any execution authorizing the sale. The defendants then showed that the Coroner sold the land of said William Edwards to satisfy an execution in favor of the Sheriff of the County, and that Flemming became the purchaser. The records and papers were destroyed during the war and could not be found. His Honor overruled the objection and admitted the deed in evidence. The defendants then offered evidence tending to show, that said deed covered the land in dispute, and their continued possession thereof since the purchase from Flemming.

The plaintiffs in reply offered in evidence (the defendants objecting) a copy of the levy of the Coroner under which the sale was made to Fleming in 1841, and showed that William Edwards at that time lived on the " Bowman tract" of land, and had not at any time before that lived on the *locus in quo.* They insisted that the levy was made on the land " on which William Edwards now lives adjoining the lands of Hughes and others," and did not cover the land in dispute, because it was not the land on which said Edwards then lived. They further insisted that if the Coroner's deed to the Fleming heirs did not cover the *locus in quo,* and the levy did not, the deed would be void as to that part not covered by the levy as a matter of law, and asked the Court so to charge the jury. His Honor refused to give the instructions asked. Verdict for defendants. Judgment. Appeal by plaintiffs.

*Messrs. Busbee & Busbee* and *W. H. Malone,* for plaintiffs. *Mr. A. C. Avery,* for defendants.

RODMAN, J. The Revised Code ch. 37, § 30, (Bat. Rev. ch. 35, § 27,) enacts, that when any Sheriff or Coroner sells

land and goes out of office, or dies, &c., before making a conveyance therefor, his successor in office shall execute the conveyance, and such conveyances shall be as valid as if made by the officer who made the sale.

Of course the successor can make a deed for only what his predecessor sold, and not for any thing he did not sell. He can never have an official, and seldom a personal knowledge of what it was that his predecessor did sell, and he must necessarily obtain his information on that point from the statements of others. But his opinion derived from such statements cannot be conclusive either upon parties or strangers to the execution. If a Sheriff should refuse to execute a deed tendered to him by one who alleges that he purchased a certain piece of land at a sale made by a former Sheriff, the purchaser may apply to the Court under whose process the sale took place, and in a proper case, obtain a *mandamus* or rule on the Sheriff to execute the deed. In this case the Court would necessarily receive evidence to sustain the facts alleged. *Isler* v. *Andrews*, 66 N. C. 552.

If the Sheriff should voluntarily execute the deed tendered, it must be in like manner competent for a Court on the trial of an action putting the title to the land conveyed in the deed in issue, to hear evidence as to what was actually sold.

In *Harriss* v. *Irwin*, 7 Ire. 432, evidence was admitted to show that the alleged purchaser had not paid the purchase money to the Sheriff who sold, and the deed of the succeeding Sheriff was held void.

In *Jackson* v. *Jackson*, 13 Ire. 159, evidence was received to show what land the Sheriff had actually sold, and his return of levy was admitted to contradict the description in his deed.

The succeeding Sheriff executes a deed under a power given to him by the statute, and his power is limited by

.certain conditions. If these do not exist, his power does not, and his deed is void as to the excess.

The Judge was of opinion that the deed of the Coroner, under which the defendants claimed, could not be contradicted (as to what was sold by the old Coroner) by his return to the execution, and told the jury that if the deed covered the land in dispute they must find for the defendants.

In this we think the Judge erred. We are not aware of any case in which the recitals of a Sheriff's *deed* have been held even *prima facie* evidence of the judgment, execution, levy and sale, or other facts recited, except under exceptional circumstances. In *Owen* v. *Barksdale*, 8 Ire. 81, it is said that they are not, unless the deed is ancient, and possession has been held under it. The *return* of a Sheriff is, as will be seen, evidence of the facts stated in it. But whether the deed of a Sheriff who makes a sale, is evidence as to what he sold, or not, it seems clear on reason and principle, that the deed which a Sheriff makes upon a sale made by his predecessor—in this case fifteen years before—is not. *McPherson* v. *Hussey*, 2 Dev., Eq. 323. It is operative by virtue of the statute to pass the title to what was sold, but it is not evidence what that was. Its recitals are only hearsay. The Sheriff does not profess to have any personal knowledge of their truth. He is not under oath himself, and he professes to state only his opinion from information whose sources are unknown to us, and which could not have been under oath. It differs from the return of a Sheriff upon a writ, because that is upon the personal knowledge of the officer; is in the performance of a duty which he has sworn to perform faithfully; and if the return be false he is liable to a penalty. For these reasons a return is *prima facie* evidence of what it states, and cannot be collaterally impeached, although it may be corrected so as to speak the truth, on application to the Court in which it is. The return of the

Sheriff who sold—if he made one—is evidence, and proba-
bly in a collateral proceeding, the only evidence of what he
sold.   Wharton Ev. § § 833–986.   *McPherson* v. *Hussey*, 2·
Dev. Eq., 323.   But that question does not arise here, and
we leave it undecided.   In this we think consisted the error·
of the Judge.   He held that the·description in the deed
controlled that in the return, in determining what was sold ;·
whereas, the description in the return should have guided
the Coroner in making his deed.   There was, however, in
the return a latent ambiguity.   It described the land levied
on and sold as " two hundred acres, more or less, *on which·*
*William Edwards now lives*," &c. ·  To explain this ambiguity
the plaintiffs were allowed to prove that " William Edwards·
never himself" lived on the piece of land in dispute ; but
the Judge by his instructions deprived them of any benefit·
from this testimony.   It was admissible to apply the de-
scription to the thing sold.   There are many authorities to·
this effect.   For this purpose it was admissible to prove the·
number of acres in each piece ; whether the two pieces had
.been bought and held by Edwards as one tract, or as two ;·
whether he listed them for taxation as one, or as several ;·
whether he abandoned possession of the piece immediately
after the sale, and the purchaser entered, &c.   *Jackson* v·
*Jackson*, 13 Ire., 159 ; *Judge* v. *Houston*, 12 Ire , 108 ; *Brad-*
*shaw* v. *Ellis*, 2 D. & B. Eq., 20 ; *Rogers* v. *Brickhouse*, 5·
Jones Eq., 301.

  Error.

PER CURIAM.                                      *Venire de novo·*