WILLIAM Mc. SURRATT v. J. D. CRAWFORD and others.

*Justice's Judgment—Evidence—Motion to issue Execution— Appeal.*

1. A transcript of a justice's judgment, sent up to be docketed in the superior court, need not contain more than the essential particulars constituting the judgment; and where the justice authenticates the same by his certificate, it will be regarded as having been regularly taken, in the absence of proof to the contrary, even though the judgment itself was not signed by the justice.
2  The fact that personal notice of a motion to issue execution was given to defendant, is determined affirmatively upon granting the order, where there is no proof that the same was not actually given. Nor is it necessary in such case that an affidavit should be made that the judgment is unsatisfied.
3. There is no necessity for making a levy on the real property of an execution debtor. The judgment creates the lien.
4. The irregular manner of preparing statement of case on appeal, condemned. It should only contain matter explanatory of exceptions taken.

(*Broyles* v. *Young*, 81 N. C., 315 ; *Morton* v. *Rippy*, 84 N, C., 611 ; *Williams* v. *Williams*, 85 N. C., 383, cited and approved.)

EJECTMENT tried at Spring Term, 1882, of MONTGOMERY Superior Court, before *Gudger, J.*

Verdict and judgment for plaintiff. Appeal by defendants.

*Mr J. W. Mauney,* for plaintiff.
No counsel for defendants.

SMITH, C. J. The plaintiff derives title to the land mentioned in his complaint by virtue of a sale made by the sheriff of Montgomery county, under an execution issued from the superior court of Davidson county, upon a judgment originally recovered before a justice of the peace and upon a transcript thereof docketed in said court, and also docketed in the superior court of Montgomery, by Thomas A. Jones against the defendant, consummated by the execution of the sheriff's deed therefor.

The exceptions taken by the defendant and appearing upon the record are to the evidence introduced in support of the plaintiff's title, and its legal sufficiency to divest the estate of the debtor, and transfer it to the plaintiff.

1. The defendant objected to the admission in evidence of the judgment docketed upon the filing of the transcript from the justice by whom it was rendered, for that, the judgment had not the signature of the justice for its authentication.

The transcript sent up and certified was in the following form:

THOMAS A. JONES, }
     *v.*      } Transcript of judgment before H.
J. D. CRAWFORD. } B. Dusenbury, justice of the peace.

Judgment in the above entitled action was rendered for

.the plaintiff and against the defendant, the 9th day of September, 1874, for amount of principal, $50; interest from 13th day of December, 1865, $29.21; costs to J. H. Welborne, $1............... ....................................... ..$80.51

I certify that the foregoing is a true transcript from my docket of the judgment rendered in said action by me this 9th day of September, 1874.

(Signed) H. B. DUSENBURY, J. P.

The judgment is authenticated by the certificate of the justice as a correct and true transcript, and the docketing in the superior court gave to it all the efficacy of a judgment originally there rendered, for the purpose of enforcement under final process. Bat. Rev., ch. 63, § 19. *Broyles* v. *Young*, 81 N. C., 315; *Morton* v. *Rippy*, 84 N. C., 611; *Williams* v. *Williams*, 85 N. C., 383.

It is not required that the transcript, sent up in order to the docketing in the superior court, should contain more than the essential particulars constituting the judgment, and though the signature is not attached to the judgment, it must be assumed, from the terms of the certificate of authentication, that it was entered up regularly and in proper form in the absence of any proof to the contrary.

2. The second objection is to the alleged want of proof of personal notice given to the debtor of the proposed application to the clerk to revive the judgment, and for leave to issue execution thereon. The notice is as follows:

THOMAS A. JONES, } Judgment in Davidson Superior
   Plaintiff. }        Court.

Superior Court—Davidson County.

*To J. D. Crawford :*

You will take notice that on the 22nd day of March, 1879, at the court house in Lexington, Davidson county, we shall

move the clerk of the superior court of said county for leave to issue execution against you in above action for the debt and cost due in said case.

(Singed)              THOMAS A..JONES, Plaintiff,
to use of W. McSurratt
by John H. Welborne.

The endorsed return thereon is " executed by reading summons this 11th day of March, 1879.  Geo. W. Henderson, Const."

It is not material to determine whether the return is itself sufficient evidence of service, although it would be of a subpoena issued for summoning a witness to testify in a cause.  C. C. P., § 349.  The fact that personal notice was given to the defendant as required by the statute, is determined affirmatively by the clerk in making the order, and there is no suggestion made or proof offered that it was not actually given.  It was not necessary to be proved by affidavit, except when the plaintiff undertakes to testify to the fact, and the judicial action of the clerk in the premises, if liable at all to a collateral attack, must be presumed to be regular and proper.

3. The third exception is to the sufficiency in form and effect of the adjudication, in that, the clerk does not find on affidavit that the debt remains unpaid.  The order made is in these words :

" Upon due service of notice to the defendant and satisfactory proof of the judgment of J. H. Welborne attorney, it is ordered that the plaintiff have leave to issue execution against the defendant.  March 22d, 1878."  (Signed by C. F. Lowe, C. S. C.)

Notwithstanding the confusion of the name of the attorney acting with the plaintiff in obtaining leave to sue out execution, the association of the judgment with the notice sufficiently points out and identifies the judgment to be re-

vived, and on which leave to issue execution was asked and allowed. It is not required that an affidavit be made that the judgment or some part of it remains unsatisfied and due, since, while if the fact is to be established by the plaintiff's own oath it must be in that form, any "other satisfactory proof" is admissible for that purpose.

4. The last exception is to the absence of any levy on the land, preceding the sale mentioned in the sheriff's return upon the process.

There would seem to be little if any advantage, and certainly no necessity for making a levy on the real property of the debtor, under the present system of practice which creates a lien on all such as belonged to the debtor on the day of docketing the judgment, or has been by him since acquired in the county where docketed; and the execution operates, where personal property cannot be found, as an authority and order for the sale. It is in the nature to this extent of the writ of *venditioni exponas.* The only effect of a previous levy is the specific appropriation of the property on which it is made, out of other equally liable to the plaintiff's debt, and may confer an equity on others to have the property first levied on, sold and exhausted before resorting to the other real property of the debtor. But the levy is recited in the sheriff's deed to have been made on March 31st, 1879, while the sale took place on May 5th following, and the omission so to state in the return cannot have the effect of avoiding the sale and the conveyance of the land.

Before concluding the opinion, we are constrained to refer to the loose and irregular manner in which the case on appeal is stated. Some of the exhibits are twice copied and are inserted without any regard to their mutual relations and order, producing a confusion in the record which greatly and unnecessarily adds to our labors in understanding the points arising on the appeal, and may lead to misapprehension of the facts. The case on appeal should not

set out in full the evidence introduced, but only so much as is explanatory of an exception relating to its admission, exclusion or legal effect, and the facts with the instructions, if there be exception thereto by the appellant, and the requests of counsel for instructions asked and refused, and such as were given instead, and a specific assignment of errors. C. C. P., 301. A compliance with the provisions of the Code would facilitate our own labors. There is no error.

No error.                                        Affirmed.