N. McARTAN, Adm'r, v. R. A. McLAUGHLIN and others.

*Executors and Administrators—Sale of Decedent's Land—Powers—Deed.*

1. Where the land of the ancestor is sold by a commissioner for partition among the heirs, within two years after letters of administration on the estate, and a deed executed after the two years; *Held,* that the land is still subject to the payment of the ancestor's debts. The deed in such case relates to the date of the sale, and not to the time of its execution. Bat. Rev., ch. 45, § 156.

2. The power of a sheriff to sell land under execution, of a clerk under order of court, or of a special commissioner, is a bare power disconnected with any estate in the land; the deed of such officer, whenever made, refers to the power itself, and the purchaser takes from the time of the execution of the power and not from the date of the deed. (Distinction drawn between common law powers and such as operate under the statute of uses).

(*Davidson* v. *Frew*, 3 Dev., 3; *Pickett* v. *Pickett, Ib.*, 6; *Rodgers* v. *Wallace*, 5 Jones, 181; *Dobson* v. *Murphy*, 1 Dev. & Bat., 586; *Woodley* v. *Gilliam*, 67 N. C., 237, cited and approved).

SPECIAL PROCEEDING commenced before the clerk and heard at Fall Term, 1882, of CUMBERLAND Superior Court, before *Gilmer, J.*

The defendants appealed from the judgment of the court below.

*Mr. N. W. Ray,* for the plaintiff.
*Messrs. Hinsdale & Devereux,* for defendants.

RUFFIN, J.　The appeal in this case brings up a single question, for the understanding of which a brief summary of the facts is needed.

The plaintiff, as a creditor of Daniel McLeod, deceased, sued his administrator, the defendant, McLauchlin, and at spring term, 1876, recovered judgment for $2,000, and he seeks in this action to have the lands of his deceased debtor sold to satisfy his demand.

The said McLeod died in May, 1870, and the defendant, McLauchlin, qualified as his administrator on the 11th of August, 1870, and has fully administered the personalty, except a very small sum of money in hand.

The heirs of McLeod filed a petition before the probate court asking for a sale of the lands of their ancestor for partition. An order was granted and the defendant, McLauchlin, was appointed commissioner to make the sale.　He sold on the 3d of November, 1871, made a report thereof, which was confirmed on the 1st of February, 1872.　He afterwards reported that all the purchase money had been paid, and on the 16th of July, 1872, an order was made directing its distribution amongst the parties entitled.　The commissioner prepared and signed the deeds for the several purchasers on the 9th of July, 1872, and delivered them as follows: To R. A. McLauchlin in August, 1872; to Duncan Smith on the 8th of November, 1872, and to Sarah Smith on the same day.

The defendants are the said administrator and the heirs-at-law, and the said purchasers of the land; and the latter contend, that, as they took their deeds more than two years after the grant of letters of administration on the estate, their lands are protected from sale under the statute—Bat. Rev., ch. 45, § 156.

While there may not be—and so far as the court is aware, there is not—any direct adjudication upon the point, there are still several authorities which, by analogy, seem to control it. Indeed, a consideration of the very nature of judicial sales, and the powers under which they are made, would seem to do so.

In *Davidson* v. *Frew*, 3 Dev., 3, the facts were that the plaintiff purchased the land in dispute at execution sale in the lifetime of the execution debtor, but neglected to take the sheriff's deed until after his death; the defendant was his widow and claimed dower; it was held that the officer's deed took effect from the time of the sale and defeated the widow's claim, favored though it was in law. Not, as it was said, that the title passed by the bare act of sale, but that the deed, when afterwards made, had the effect to take the estate out of the defendant in the execution and vest it in the purchaser from that time.

The authority of this decision has been repeatedly recognized, and in *Pickett* v. *Pickett*, reported at page 6 of the same volume, the reason for it is given. It is said to proceed from the very nature of the officer's power—it being but a bare power, disconnected with any estate in the land, the rule in such case being that the deed relates to the power itself and takes effect as if made at the moment the power was executed.

In *Rogers* v. *Wallace*, 5 Jones, 181, the matter was again explained, and at greater length, by PEARSON, J., and the distinction clearly drawn between common law powers, where there is no seizin to serve the estate, and such as operate under the statute of uses. In the case of the former, he says the doctrine is well established that the deed, whenever made, refers to the power itself, so that the party is deemed to take, not from the date of the instrument, but from the time of the execution of

the power: and he emphatically declares that the power to sheriffs to sell land under execution, and to clerks to sell land under the orders of the court (and by parity of reasoning, we add commissioners) are all instances of common law powers, which fall under the rule.

Accordingly, it was held in *Dobson* v. *Murphy,* 1 Dev. & Bat., 586, that a sheriff's deed, made seventeen years after the sale, had relation to it, so as to put the title in the purchaser from that day, GASTON, J., remarking, that the deed was but the consummating ceremony of the transaction begun so long before.

Again, upon the same principle it was said by RODMAN, J., in *Woodley* v. *Gilliam,* 67 N. C., 237, that the title of a defendant in an execution passes to the purchaser *by the sale and from the date of the sale,* and that it matters not when the deed is made, as it is merely evidence of the sale and relates to it.

In conformity with these decisions, and with what, in itself, seems to be a just principle, the court thinks and so declares, that the defendants took the lands from the commissioner, in the same plight and condition they were in at the moment of the sale, and subject, as they were, to the payment of the decedent's debts.

The judgment of the court below is therefore affirmed, and this will be certified to the end that that court may proceed according to law in the premises.

No error.                                    Affirmed.