\*W. W. VASS v. W. H. ARRINGTON and others.

*Judicial Sale, power of court to set aside—Title of Purchaser.*

1. A sale of land will be set aside when the price is shown to be inadequate; otherwise, it will be confirmed upon a favorable report of the commissioner, unless an offer be made to raise the bid ten per cent.

2. The purchaser in such case acquires title from the day of sale; and the proceeds thereof are only subject to the charge of taxes due upon the land at that time.

(*Blue* v. *Blue*, 79 N. C., 69; *Bost ex-parte*, 3 Jones' Eq., 482; *Pritchard* v. *Askew*, 80 N. C., 86; *Wood* v. *Parker*, 63 N. C., 379; *Attorney General* v. *Ro. Nav. Co.*, 86 N. C., 408; *McArtan* v. *McLauchlin*, 88 N. C., 391, cited and approved). •

MOTION to set aside a sale heard at June Term, 1883, of WAKE Superior Court, before *Philips, J.*

The action, in which the motion was made, was brought by the plaintiff against W. H. Arrington and wife Pattie, to foreclose a mortgage.

On the 1st of November, 1872, the defendant W. H. Arrington borrowed from B. F. Moore the sum of $2,140, and gave his bond for the same; and at the same time he and his said wife executed to Moore a mortgage on the house and lot, situate in the city of Raleigh, and described in the pleadings, to secure the payment of the bond. The house and lot were the individual property of said Pattie Arrington, which she inherited from an ancestor.

Sundry payments were made on the bond while held by B. F. Moore, reducing the amount due thereon to $1,242.60 on the 10th of December, 1877, on which day it was assigned for value, and without recourse, by Moore to the plaintiff Vass.

The mortgage deed contained a stipulation that if the bond and interest accrued thereon shall not be paid as the same shall

---

\*Chief-Justice SMITH did not sit on the hearing of this case.

become due, together with all the taxes assessed on the property, then the said Moore should have power to sell the premises, for cash, after twenty days' advertisement in some newspaper published in the city of Raleigh, and apply the proceeds to the payment of the bond and interest, the unpaid taxes, costs of executing the mortgage, and five per cent. commissions on the proceeds of sale.

B. F. Moore died intestate of said property in November, 1878, and by proceedings regularly had in the probate court of Wake, the defendant John Gatling was appointed trustee of the mortgage in January, 1882, in respect to the property therein conveyed. The plaintiff called upon Gatling to sell the property under the power given in the mortgage, but he declined to do so without a judgment of the superior court authorizing him to make the sale. Hence this action was brought demanding a sale and appropriation of the proceeds thereof to the payment of the bond and interest, and all the incidental expenses incurred by the plaintiff, or otherwise arising under the stipulations and covenants contained in the deed of mortgage.

Process returnable to spring term, 1882, of Wake superior court, was served upon the defendants W. H. Arrington and wife, and accepted by the defendant Gatling. W. H. Arrington then alone answered the complaint, admitting in the main the facts alleged, but contended that he was entitled to the excess after satisfying the plaintiff's claims for money advanced for the use of the defendant Pattie Arrington, and as tenant by the courtesy. At said term it was adjudged that the land be sold by said trustee as commissioner, after thirty days' advertisement, at any time after the 1st day of May, 1882, for cash, and that the trustee execute a deed to the purchaser and report his action to the next term of the court.

The report was made to June term, 1883, that the property was sold for cash at public sale on the first Monday in May, 1883, when Pattie Arrington became the last and highest bidder in the sum of $5,050, but as she failed to comply with the bid, the

property was again, at 3:30 P. M. of the same day, offered for sale upon the same terms, when W. N. H. Smith was the last and highest bidder in the sum of $5,000; and at that time and at the time of the sale, there was due on said bond the sum of $79.08 for state, county and city taxes. The commissioner further reported that the land, in his opinion, formed after diligent inquiry of judges of the value of Raleigh property, brought a full and fair price, and recommended the confirmation of the sale.

Thereupon Pattie Arrington, who it was admitted was the owner of the land in fee simple, subject to the mortgage, opposed the confirmation of the sale, and moved that it be set aside upon the ground that the property did not bring a fair price; and she also moved that the commissioner Gatling, be directed to sell the land in parcels, and to sell only so much as was necessary to pay the claims under the mortgage and the costs of the action, which it was admitted would not exceed $2,500. Besides her own, she offered the affidavits of four citizens of Raleigh, stating that the lot did not bring a fair price, and that if sold in parcels it would bring considerably more than the sum of $5,000.

In opposition to the motion, the other parties to the action and the purchaser (Smith) offered, in addition to the opinion of the commissioner, the testimony of some six witnesses, also citizens of Raleigh, two of whom were recent assessors of the real estate in the township of Raleigh, and had assessed the said house and lot at $3,500, as its value at a cash sale; and they both stated that $5,000 was a fair price. All of the other witnesses testified to the same effect, and the most of them expressed the opinion, that if W. N. H. Smith, who owned the adjoining lot, did not bid, the property would not bring as much as $5,000 upon a resale, and that the purchaser could not now get for it as much as he gave. The witnesses were divided in opinion as to whether the property would bring as much as $5,000 if cut up into lots.

His Honor overruled the motion and rendered judgment,

VASS *v.* ARRINGTON.

among other things, confirming the sale, and directing the commissioner to make title to the purchaser upon payment of the sum bid, and also adjudged that the commissioner pay out of the purchase money the taxes which attached to the land on the 1st of June, 1883.   The *feme* defendant excepted to the ruling, and appealed from the judgment.

Messrs. *Strong & Smedes*, for *feme* defendant.
Messrs. *Battle & Mordecai*, for purchaser.

ASHE, J.   We can see no reason for disturbing the judgment of the superior court, except so far as it relates to the taxes due in 1883.

The courts, exercising in this respect an equity jurisdiction, according to all the authorities, have an absolute power over all sales had under their orders, in confirming or setting them aside and reopening the biddings, &c., but they have adopted certain rules governing their practice in such cases, which have been observed with almost unvarying uniformity.

In this state our courts have adopted the English practice, and will set aside a sale for inadequacy of price, when that fact is shown to the court by affidavit or otherwise; but when the commissioner has reported that the property sold has brought a fair price, and there is no evidence adduced to the contrary, the court will confirm the sale, unless before confirmation an offer is made to raise the bid ten per cent.; in which case our courts will always set aside the sale and open the biddings.   *Blue* v. *Blue*, 79 N. C., 69; *Bost ex-parte*, 3 Jones' Eq., 482; *Pritchard* v. *Askew*, 80 N. C., 86; *Wood* v. *Parker*, 63 N. C., 379; *Attorney General* v. *Roanoke Navigation Co.*, 86 N. C., 408.

There has been no offer in this case to raise the bid, and the evidence upon the question of inadequacy of price is so decidedly in favor of the purchaser, that we are led to the conclusion that the property brought a full and fair price.

By the terms of the mortgage, it is evident it was the inten-

tion of the parties that the property should be sold *in solido*. The decree of sale in that way was acquiesced in by the parties at the time of its rendition, and up to the very day of sale, as is indicated by the bidding of Mrs. Arrington at the sale.   There was no objection by her to the sale in entirety until some fifteen months after the decree, and not then until she failed to comply with her bid.   And the court, in decreeing a sale of the entire property, only carried out the intention of the parties as indicated by the terms of the deed, and their acts and conduct after the decree.   Yet this would have but little weight with the court if it had been made to appear that any injustice had been done to the complaining party.

As to so much of the judgment of the superior court as charges the excess of the proceeds of sale with the taxes due the first of June, 1883, we are of the opinion it was erroneous, and the defendant's exception should have been sustained.

Where land is sold under decree of court, the purchaser acquires no independent right.   He is regarded as a mere proposer until confirmation.   *Attorney General* v. *Roanoke Navigation Co., supra.*   But when confirmation is made, the bargain is then complete, and it relates back to the day of sale.  ·Rorer on Jud. Sales, §122.   The case of *McArtan v. McLauchlin*, 88 N. C., 391, is an adjudication on this point, which, it seems to us, is decisive of the question.   There, a creditor of one McLeod, who died in May, 1870, brought action against his administrator and recovered judgment for a considerable amount, and then sought to have the land of McLeod subjected to the payment of his demand.   The land had been sold under a decree of sale for partition on the 3d of November, 1871, and the deeds to the purchasers were executed after two years from the granting of letters of administration, and the question presented to this court was whether the title of the purchasers accrued from the date of the deeds, or from the sale.   Mr. Justice RUFFIN, speaking for the court, said :

"The court thinks, and so declares, that the defendants (who

were the purchasers) took the lands from the commissioner in the same plight and condition they were in at the moment of sale, and subject, as they were, to the payment of the decedent's debts."

Applying the principle there announced to our case: By the confirmation of the report of the commissioner, the purchaser acquired title to the house and lot by relation to the day of sale, and takes them in the same plight and condition they were in at the moment of sale on the — day of May, 1882, subject to the taxes due in that year.

The judgment must therefore be reformed so as to eliminate therefrom so much as relates to the charge of the taxes of 1883 upon the proceeds of the sale, and in all other respects is affirmed. Let this be certified to the superior court of Wake county, that further proceedings may be had in the case as the law requires.

PER CURIAM.                  Modified.