## Ex parte WORLEY.

*(District Court, W. D. North Carolina. 1884.)*

POWERS AND DUTIES OF A MARSHAL AS TO PRECEPTS IN HIS HANDS AT THE EXPIRATION OF HIS TERM OF OFFICE.

> In North Carolina a marshal, whose term of office has expired, may be required so to amend his return upon an execution as to furnish his successor with a description of the land levied upon, sufficiently accurate to enable him to execute a valid deed to the purchaser at the execution sale.

A Petition for Orders to perfect title to lands sold on execution sale.

*P. A. Cummings,* for petitioner.

DICK, J. The petitioner, Henry Worley, alleges that he is a purchaser at a sale made by a deputy of R. M. Douglas, late marshal of this district, under a writ of execution founded upon a regular judgment of this court; and levied upon the lands of the judgment debtor, Solomon Davis; that the purchase money has been paid by him to said deputy, and has been returned into court in part satisfaction of said judgment; that the term of office of the late marshal has expired, and a deed has not been executed, and the levy indorsed upon the execution is defective in not describing the land sold with sufficient certainty. The relief prayed for is an order to the late marshal, directing him to amend his levy so as to set forth a description of the land sold with more certainty as to location and boundaries. The petitioner also prays for an order to the present marshal, Thomas B. Keogh, directing him to perfect title and execute a deed to said lands, in conformity with section 994 of the Revised Statutes.

Upon hearing the petition, the suggestions of counsel, and the evidence presented, it is considered that the petitioner is entitled to the relief he seeks. A court has the power to direct writs of execution to be amended at any time, so as to set forth necessary facts for the purpose of supporting proceedings under them. This power is indispensable to the administration of justice and the due regulation of the officers of the court. Under section 788 of the Revised Statutes, marshals and their deputies possess in each state the same powers in executing the laws of the United States as the sheriffs and their deputies in such state have in executing state laws. Section 790, among other things, provides that marshals and their deputies, when the term of office expires, shall have power to execute all such precepts as may, at the time, be in their hands. We will, therefore, consider the laws of this state in determining some of the questions presented in this proceeding.

It is well settled in this state that a sheriff may be directed or permitted by the proper court to make a return on a writ of execution, or to amend the same, at any time, so as to make it conform to the truth, even in cases where important consequences as to the rights of

parties are produced by such amendments. *Cody* v. *Quinn*, 6 Ired. Law, 191, and cases cited. This power cannot be exercised by a court so as to affect the rights of third persons, who are not parties to the record, and innocent purchasers for value without notice. *Williams* v. *Sharpe*, 70 N. C. 582; *Phillips* v. *Holland*, 78 N. C. 31. It does not appear that the right of third persons are in any way involved in this matter; and as this is an *ex parte* proceeding, such rights —if any exist—cannot be affected, as such persons will not be prevented from asserting such rights by an order made in a case in which they are not parties and have no notice. If the marshal who made the sale was still in office, the amendment asked for would not be necessary, as he could make a deed with full description as to boundaries, even if there had been no levy of the execution. In this state there is no necessity for a sheriff to make a levy on real property. A judgment creates a lien on all such property belonging to the judgment debtor in every county in which the judgment may be docketed. The writ of execution operates as an authority and order of sale. The only effect of a previous levy is the specific appropriation of the property on which it is made; and this may be a matter of importance where there are other lands and other judgment creditors of a common debtor. *Surratt* v. *Crawford*, 87 N. C. 376. It is well settled by many decisions that the rights as to real property are largely regulated by local state laws, and it is the duty of federal courts—having acquired jurisdiction—to administer those laws under the same modes of procedure as if they were local courts in the state in which they are held. Spear, Fed. Jud. 641, 662. In accordance with the laws of this state a docketed judgment in a federal court of this district is a lien upon all real property within its jurisdictional limits, and may be enforced by such modes of procedure as are provided by the laws of this state. As section 994 of Revised Statutes provides that a deed to a purchaser at execution sale, in cases like the one before us, shall be executed by the present marshal, it is necessary that he should derive information from his predecessor as to the location and boundaries of the lands sold; or from evidence passed upon by the court. If he obtained information upon this subject from other persons, their statements, set forth in a deed executed by him, would in no way be operative against either parties or strangers. The return upon process made by a duly qualified officer of the law is *prima facie* evidence of what it states, and cannot be collaterally impeached, although it may be corrected so as to speak the truth with more completeness and certainty, under the direction of the court to which the return is made. *Edwards* v. *Tipton*, 77 N. C. 222. From the return of the late marshal it appears that the lands of the judgment debtor were duly sold to the petitioner, and the purchase money has been received and paid into office, and the levy indorsed on the execution does not specify the location and boundaries.

The only question which remains to be considered is whether the late marshal—since the expiration of his term of office—can be legally directed or permitted by this court to make an amendment to his return on the writ of execution under which he acted in making sale of said lands. We have heretofore referred to section 790, which, among other things, provides that a marshal or his deputy, after the expiration of his term of office, shall have power to execute all such precepts as may be in his hands at the time of such expiration of office. As to such precepts, until they are executed, he is still marshal, and subject to all official duties and responsibilities imposed upon him by law. The statute, in conferring the power, imposed the duty of exercising that power as far as required by law; and within such limits, the marshal, by necessary implication, is entitled to have and enjoy the rights and privileges incident to such official position; and is also invested with the authority to use all legal means which may be appropriate and necessary to enable him to execute the power conferred, and perform the duties imposed by law; and he must, in such matters, obey the proper orders and directions of the court to which such precepts are returnable. Bump, Fed. Proc. 482. In making sale of land under a writ of execution, the marshal acts under a power conferred by law, and when this power is properly exercised by a sale, the title of the judgment debtor passes to the purchaser, but it is not perfected until a deed is executed which has relation to the date of sale. *McArtan* v. *McLaughlin*, 88 N. C. 391. As the deed in this case cannot be made properly until the late marshal, by an amended return, furnishes a more complete description of the land sold by him, the process may be regarded as still in his hands unexecuted, and he may be directed by this court to amend his return so as to furnish information to the present marshal by which he may finish the execution of a power and perfect title by making a proper deed. The petitioner is clearly entitled to the *prima facie* evidence of the location of said lands, which will be afforded by the return of the officer who made the sale.

It is therefore ordered that the clerk of this court send said writ of execution to the late marshal, R. M. Douglas, with instructions to direct his deputy to amend the return so as to set forth a more specific description of the boundaries of the lands sold by him. If the said marshal fail to give such directions, he is hereby ordered to show cause at the next term of this court why the amendment should not be made. If the amendment should be made as directed, then the present marshal, Thomas B. Keogh, is ordered to perfect the title of the petitioner by executing a deed for such lands, as required by section 994, Rev. St.