J. L. GRUBB v. M. A. LOOKABILL and F. H. LOOKABILL and
others.

*Judicial Sale—Parties—Executors and Administrators—§ 1492
of The Code—Judgment against Deceased Party—Ejectment.*

1. In an action brought by the personal representative of an obligor in a
   bond for title to subject the land to the payment of the purchase
   money, the heirs at law of the obligor are necessary parties, in or-
   der to a valid judicial sale of the land.

2. Perhaps if the bond had been recorded, as required by § 1492, and
   that section had been complied with in all other respects, a sale
   would be valid, although ordered in an action to which the heirs
   at law of the vendor were not parties.

3. Where, in such an action, the personal representative and one of the
   heirs at law of the vendor are plaintiffs, and the vendee is defend-
   ant, a sale made under a consent judgment, passes the equitable
   estate of the vendee, and that portion of the legal estate which
   was vested in the heir at law who was plaintiff.

4. When the record contains no notice or suggestion of the death of a
   party, a judgment rendered against such deceased, after his death,
   is not *void*, but only *voidable*.

5. Plaintiff being owner of the equitable estate of the obligee in a bond
   for title, and of a one-fourth share of the legal title, can recover
   possession in an action of ejectment against persons claiming un-
   der such obligee.

ACTION OF EJECTMENT, tried before *Gilmer, J.,* at March
Term, 1887, of DAVIDSON Superior Court.

The plaintiff claimed title under a judicial sale, made in
an action to which one F. D. Lookabill was a party defendant.

The defendants are the widow and one of the heirs at law
of said F. D. Lookabill.

There was judgment that plaintiff recover the possession of
the land in controversy from the defendants. The other facts
are stated by the Chief Justice, as follows:

The title to the land, for the recovery of which this action
is prosecuted, belonged to Thomas P. Allen, who sold the

same to one F. D. Lookabill, executing to him a title bond and taking from him a certain note for the purchase money. Allen died, leaving a will, in the Spring of 1875, and Wiley J. Loftin, his administrator *de bonis non*, with the will annexed, instituted suit against Lookabill, the purchaser, for the purchase money, and that the land mentioned in the contract should be sold for its payment. To this suit Ambrose D. Allen, one of the four heirs at law of the deceased vendor, was alone of them made a co-defendant with said F. D. Lookabill in the action. The latter gave his written consent to the sale, and accordingly it was so ordered, the land sold, and report thereof made and confirmed, and judgment rendered, directing a deed of conveyance to be made to the purchaser, H. E. Wylde, for whom was afterwards substituted Elizabeth Wylde, on payment of the sum bid. The commissioners, under the order, made a deed for the land to the substituted purchaser, and she afterwards conveyed it to the present plaintiff. F. D. Lookabill died on September 25, 1880, soon after the term of the Superior Court of Davidson County, held in that month, had expired, during which, the decretal order of confirmation and for title was entered. At Fall Term, 1882, an order was made allowing certain counsel to appear in the cause for the heirs at law of Thomas P. Allen, of whose action no mention is found in the record, except as may be inferred from the action of the Court, at the next succeding term, in entering the following order: " It appearing that all the parties and their representatives are before the Court, and the purchase money has not been paid, or title made to the land, it is therefore ordered, by consent, that judgment be entered against Elizabeth Wylde for the sum of $964, of which sum $800 is principal money, with interest on said principal money till paid, and upon payment of said amount to W. J. Loftin, the commissioner, he shall make title to her, provided she pays the same on or before the 15th day of June,

1883; but should she fail to so pay, then the said commissioner shall resell the land for cash, and make title to the purchaser, and report his proceedings· to the next term of this Court.                              J. F. GRAVES,
                                        *Judge Presiding.*"

The order has the signature of counsel for plaintiff Ambrose Allen and Elizabeth Wylde also, and under the title of the plaintiff against "F. D. Lookabill, and other defendants."

At Fall Term, 1883, the cause appears on the docket in a similar form, except that the defendants are designated as F. D. Lookabill's heirs and others, and the decretal final order is consummated by the report of the plaintiff Loftin, that full payment of the purchase money, $976, has been made to him by the said Elizabeth Wylde, and that he has executed to her a deed in fee simple of the premises, and this report was confirmed.

The plaintiff further exbibited, in evidence, a transcript of a certain proceeding instituted by the administrator against Henry Garner and wife Maria J., Ambrose P. Allen, Charles P. Allen, Emily P. Wilkie and L. P. Wilkie, executor of Thomas P. Allen, in which, by petition, before the Clerk, he sets out, among other matters, his reception, as administrator, of the $976, proceeds of sale of land, and showing a balance to be still due of the original purchase money on Lookabill's contract, and praying for a settlement of the estate of the testator, Thomas P., including a charge against him therefor to the extent of the amount received. To this petition answers were put in, that of Charles P. Allen, admitting the same, that of M. J. Garner, denying the allegations, while E. P. Wilkie, one of the heirs at law, failed to file any answer. The disposition of the cause is not stated in the record, so much of which is shown as discloses the fact that said moneys went into the general administration account.

Upon this state of facts, it was contended, by defendants, that no title passed to plaintiff, because three, at least, of the heirs at law of said Thomas P. Allen, to-wit: Charles P. Allen, E. P. Wilkie and M. J. Garner, had not been made parties to the action by said Wiley J. Loftin aforesaid, against F. D. Lookabill, nor the heirs of F. D. Lookabill, and because of no description of land in the complaint, but his Honor was of the opinion that the heirs of the said Thos. P. Allen were not necessary parties to said action, and that the heirs of said F. D. Lookabill were presumed to be parties in said action of Wiley J Loftin, administrator, against F. D. Lookabill, and after the death of said Lookabill, continued against F. D. Lookabill's heirs, and that there was a sufficient description of the land, and directed a verdict to be entered in favor of the plaintiff. Defendant excepted and appealed.

*Mr. E. E. Raper*, for the plaintiff.
*Mr. W. H. Bailey* (*Mr. Levi Scott* also filed a brief), for the defendants.

SMITH, C. J., (after stating the facts as above). We do not concur in the opinion of the Court, that the heirs of the vendor, Thomas P. Allen, to whom, upon his death, the land embraced in his contract with Lookabill descended. assuming it not to have been devised, since the legal estate was in them, are not necessary parties to the action in order to a full relief, and the divesting and transferring the same to the purchaser. "Before the passing of the act of 1797," (*The Code*, § 1492,) says NASH, C. J., " where a vendor entered into a bond to make title, and died before so doing, his heirs were the proper persons on whom the purchaser had the right to call for the necessary conveyance. If they refused to convey the title, the person was driven into a Court of Equity, and to such a suit the heirs were necessary parties." *Osborne* v. *McMillan*, 5 Jones, 109.

For a similar reason, when the personal representative of the deceased vendor seeks to subject the land to the payment of the debt contracted in the purchase, he must make the heirs of his intestate parties, in order to an effectual sale of the descended legal estate.

The action seems to have been prosecuted upon a construction of the statute referred to, that inasmuch as the administrator of the vendor could himself make title upon payment of the purchase money, his presence in the action was sufficient to accomplish the double object of securing the money and passing the estate to a purchaser, when sold for that purpose. Perhaps this view is admissible, if the bond had been proved and registered, as required under the intimation expressed in the opinion in *Hodges* v. *Hodges*, 2 D. & B. Eq., 72, and *White* v. *Hooper*, 6 Jones Eq., 152, without the presence of the vendor's heirs, if, in other respects, the provisions of the statute had been complied with. For the form of the proceeding adopted aims at the same thing, the enforcement of the contract, by subjecting the land to the debt incurred in its purchase, and the debtor not only makes no objection, but gives his consent to the sale, and the sale has at least the effect of passing his *equitable estate* in the premises, and also the part of the legal estate which vested in the said Ambrose D. Allen.

Again, as to the objection that Lookabill's heirs were not introduced into the action in his place after his death, it may be observed that certain counsel were expressly authorized to appear for them, and the style of the case was immediately changed, as if they had become parties under that general designation, and so it is declared in the decretal order of the ensuing term in the recital, " That all the parties, and their representatives, are before the Court."

The only further action in the cause, after the death of the vendee, was to substitute a new purchaser in place of the first, and when the terms of the decree for title were reported

as having been complied with, and a conveyance executed, to confirm the report.

But if the heirs were necessary parties after the ancestor's death to give efficacy to an order which was made in his life-time, and when carried out passed the title, as of that date, as ruled in *Vass* v. *Arrington*, 89 N. C., 10, it is held, at least when the record contains no notice or suggestion of the death of a party, that a judgment rendered after such death is irregular and voidable, but not void in the absence of any action to make it so. *Lynn* v. *Lowe*, 88 N. C., 478.

There is no force in the objection that the land is not sufficiently described in the petition for a settlement of the estate.

It is clear that the full equitable estate in the land, and a fractional part of the legal estate, is vested in the plaintiff, and this warrants a recovery.

There is no error, and we affirm the ruling and judgment of the Court.

No error                                    Affirmed.