### E. JACOBS *v.* T. P. BURGWYN and S. E. BURGWYN.

The assignee of a defendant has no right to have two judgments against such defendant set aside on the ground that they were taken upon the same specialty.

No one but the defendant in an execution can complain of a judgment for being *irregular.*

The judgments mentioned above are not *irregular.* Creditors complaining of them cannot be relieved by *motion* to set them aside.

(The attention of Judges and Counsel called to sections 241 and 242 of the Code of Civil Procedure.)

(*Shelton* v. *Fels*; Phil. 178, and *Cody* v. *Quinn*, 6 Ire. 191, cited and approved.)

. MOTION, to set aside two judgments, disallowed by *Buxton, J.,* at Spring Term 1868 of the Superior Court of NORTHAMPTON.

The notice preliminary to the motion, was given in the names of Thomas P. Burgwyn, a defendant in the judgments, and also of W. W. Peebles, who was a trustee for the creditors of Burgwyn, under an assignment made by the latter after the entry of the judgment.

At the term when the motion was made, Mr. Burgwyn withdrew his opposition to the judgment, and thereupon, the motion was dismissed as to him. Afterwards the motion being renewed on behalf of Mr. Peebles, the latter applied for leave to show that the two judgments were given upon the same bond, but the Court being of opinion that *he* could not be heard to attack the judgments, the motion was dismissed as to him also; and thereupon, he appealed.

*Peebles & Peebles and Rogers & Batchelor*, for the appellant. *Smith and Barnes, contra.*

JACOBS *v.* T. P. AND S. E. BURGWYN.

RODMAN, J.   This was a motion to set aside two judgments, the one recovered at Spring Term 1866, the other at Fall Term 1866, of the Superior Court of Northampton County, on the ground that both were recovered on the same specialty. The motion was not made by the defendants in the judgments, or either of them, but by Peebles, who was an assignee from T. P. Burgwyn of certain property.

No one but a defendant in a judgment can complain of its irregularity, *Shelton* v. *Fels*, Phil. 178; *Cody* v. *Quinn*, 6 Ire. 191.

This stands on the maxim " *quisque renunciare potest juri pro se introducto.*"

Peebles was the assignee of certain property from T. P. Burgwyn, and we must assume that this property was affected by the judgments and executions thereon.   But he did not, like an assignee in bankruptcy, represent the creditors or the general pecuniary interests of his grantor.   The best position that he can occupy is that of a purchaser, who takes " *cum onere.*"

If we assume that the two judgments were issued on the same specialty, it does not follow that either of them was *irregular*. A judgment may be fraudulent and void as to creditors, but still regular, and in that case the Court cannot set it aside. The creditor nevertheless has his appropriate remedy.   There is no error in the judgment below, the plaintiff Jacobs must recover his costs.   Let this opinion be certified.

We take occasion here to call the attention of Judges to § 241 of the Code of Civil Procedure, and of counsel to § 242. We call the attention of the Clerk to the fact that this case should have been entitled—*Peebles* v. *Jacobs*, and to other irregularities in the making up of his record.   Officers neglecting the provisions of the Code are not entitled to costs.

PER CURIAM.                          Judgment affirmed.