W. W. ROLLINS and others v. R. M. HENRY and others.

*Execution Sale—Purchaser for Value—Evidence—Lost Execution—
Recitals in Sheriff's Deed—Assignment of Error on Appeal
—Probate and Registration of Deed—Purchase of
Property Pending Litigation—Consent
Decree—Practice—Answer.*

1. Title derived by purchase at a Sheriff's sale under a judgment not docketed in the County where the land lies, avails nothing against a purchaser for value from the defendant in the execution.

2. The requirement that a Judge shall sign all judgments rendered in his Court is merely directory, and his omission to do so will not avoid the judgment as to strangers; although it might in connection with other evidence be a proof that the judgment was fraudulent, or had not in fact been rendered by him.

2. Only a defendant can avoid a judgment for irregularity, and as long as he is content to waive the irregularity, strangers cannot avail themselves of it collaterally; *Therefore*, where on the trial below, a judgment rendered in another case against one not a party to this action (relied on by the plaintiffs to prove title) appeared to have been rendered without any case having been constituted in Court; *It was held*, that the defendant in the action on trial could not take advantage of the irregularity.

4. The contents of a lost execution, like any other lost writing, may be proved by *parol.*

5. Where, on the trial of an action in the Court below, a party objecting to the admission of evidence assigns an insufficient reason for the objection, he cannot on appeal to this Court, assign a different reason in support of such objection.

6. The return to an execution is ordinarily the best evidence of a levy and sale under it; but when the execution has not been returned to the Clerk's office, and it, with any return on it, has been destroyed or lost, and it is proved otherwise than from the recital in a Sheriff's deed, that there was a judgment and execution, the recital in such deed is *prima facie* evidence of the levy and sale, (they being official acts of the Sheriff) even although the sale was not a recent one.

7. Unless the execution of a deed is proved in some manner authorized

by statute, its registration will not make the deed evidence ; its execution must be proved on the trial.

8. Proof of the hand-writing of the grantor is not sufficient ( nothing else appearing) to entitle a deed to registration.

9. Where one buys property pending an action of which he has notice, actual or presumed, in which the title to such property is in issue, from one of the parties to the action, he is bound by the judgment in the action just as the party from whom he bought would have been ; and the rule also is ( except as it may be qualified by C. C. P. § 90 ) that every person who buys property under such circumstances is conclusively presumed to have notice of the pending litigation.

10. A decree by consent is merely a conveyance between the parties, and whether or not it is fraudulent as to creditors, must be determined by the consideration.

11. Such decree binds the parties and their privies in estate, but it is open to the latter to impeach it for fraud.

12. Where on the trial of an action to recover land, the defendant relied upon a decree entered by consent in an action (instituted prior to the action on trial) between the defendant and the person under whom both sides claimed title, but entered after the purchase by plaintiffs at execution sale ; *Held*, to be error in the Court below to refuse to allow to such decree any force.

13. A purchaser at execution sale takes subject to all equities against the defendant in the execution *whether he has notice of them or not.*

14. In an action to recover land where the answer of the defendant denies the legal title of the plaintiff and sets up a legal title in himself, he is not at liberty to set up an equitable defence upon the trial.

(*Jacobs* v. *Burgwyn,* 63 N. C, 196 ; *Edwards* v. *Tipton,* 77 N. C. 222 ; *Owen* v. *Barksdale,* 8 Ire. 81 ; *Hardin* v. *Cheek.* 3 Jones 135 ; *Carrier* v. *Hampton,* 11 Ire. 307, cited, commented on and approved.)

Civil Action, to recover " The Sulphur Springs Lands," tried at Fall Term, 1877, of BUNCOMBE Superior Court, before *Schenck, J.*

In the progress of the trial both parties admitted that the title to the land in controversy was originally in W. L. Henry, and that they both claimed under him.

The plaintiffs introduced a record of Haywood Superior Court in the case of Samuel Gudger, executor of Robert

Henry, against W. L. Henry, in which a judgment was rendered for the plaintiff, Gudger, for $6222, on the 27th of May, 1872. Upon this judgment (which was not docketed in Buncombe), an execution issued to the Sheriff of Buncombe on the 3d of July, 1872, and was levied by him on the land in dispute, which was bought by the plaintiffs at the sale had on the 28th of September, 1872, and conveyed to them by the Sheriff's deed on day of sale.

The plaintiffs then offered in evidence the Judgment Docket of the Superior Court of Buncombe, which showed a judgment in favor of B. H. Merrimon against W. L. Henry, for $360,75, dated on the 29th of November, 1869. The defendants objected, insisting that a judgment signed by the Judge, and in the judgment roll, was the proper and only way to prove a judgment. Objection overruled, and the evidence admitted, and then the plaintiffs proposed to ask the Clerk of the Court whether he had issued an execution on said judgment, the entry of which is as follows:.

B. H. MERRIMON,  ⎰  Minute Docket, Fall Term, 1869.
     vs.     ⎱
  W. L. HENRY,    Pleas withdrawn.
"D."  Judgment according to a former judgment for the sum of $350,75, of which sum $220,57 is principal, and bears interest from the 29th of November, 1869, until paid, and for costs.

This was objected to by the defendants, objection overruled, and the Clerk testified that he issued an execution on this judgment to the Sheriff of Buncombe on the 26th of August, 1870. A *Fi. Fa.* on this judgment dated February 7th, 1870, and levied May 13th, 1870, on said land was also in evidence; and the Clerk testified that he issued a *Ven. Ex.* on March 14th, 1871, which after diligent search he could not find, and stated that it was never returned.

The plaintiffs also introduced a deed ("C") from the

Sheriff of Buncombe, dated on the 1st day of July, 1871, conveying said land to the plaintiffs. This deed recites executions issued from Buncombe Superior Court on judgments obtained at different times against W. L. Henry, and in favor of B. H. Merrimon, J. F. E. Hardy, Cashier, and sundry other creditors, by virtue of which the land was exposed to sale.

The plaintiffs also introduced a deed from J. L. Henry and wife to Pinckney Rollins and L. M. Welch, dated February, 11th, 1874, conveying their interest in said land. This deed was admitted to probate and ordered to be registered upon proof of the hand-writing of said J. L. Henry, and the defendants objected to the evidence on the ground of irregularity in the probate. Objection overruled.

The facts constituting the defence set up by the defendants are embodied in the opinion of this Court delivered by Mr. Justice RODMAN. Verdict for plaintiffs. Judgment. Appeal by defendants.

*Messrs. J. H. Merrimon,* and *Merrimon, Fuller & Ashe,* for plaintiffs.

*Messrs. J. G. Martin & Son,* and *Battle & Mordecai,* for defendants.

RODMAN, J. Both parties claimed under W. L. Henry, and it is unnecessary therefore to go behind his title.

I. *The plaintiffs claimed title as follows :*

1. In the Superior Court of Haywood County on the 27th of May, 1872, Gudger recovered judgment against said W. L. Henry, upon which, on the 3d of July, 1872, execution issued to Buncombe County, which was levied on the land in controversy. The land was sold on the 28th of September, 1872, and purchased by W. W. Rollins and Pinkney Rollins, who are plaintiffs, G. M. Roberts, who was made plaintiff by amendment, and J. L. Henry. The Sheriff

conveyed to the purchasers on the same day. But this judgment was never docketed in Buncombe County. Possibly there may be cases in which a Sheriff's sale under a judgment not docketed in the County where the land lies, may avail something, but not in this case where the defendants are purchasers for value from the defendant in the judgment.

2. Plaintiffs "offered in evidence the Judgment Docket of the Superior Court of Buncombe which showed a judgment in favor of B. H. Merrimon against W. L. Henry, dated November 29th, 1869." Defendants objected to its admission because it was not signed by the Judge, and was not a full copy of the judgment roll. It was, however, admitted, and we think it was competent.

The requirement that the Judge shall sign all judgments is merely directory, and his omission to do so will not avoid the judgment as to strangers, although it might in connection with other evidence be a proof that the judgment was fraudulent, or had not in fact been rendered by him.

As to the other ground. We consider the objection in substance to be, that from the record presented in evidence (marked "D" in the record of this case), it does not appear that any case between the supposed plaintiff, Merrimon, and W. L. Henry, was ever constituted in Court by any of the prescribed methods, so as to give the Court jurisdiction of any controversy between them; and that it does not appear that any summons was served, or that any case was agreed on and submitted, or that there was any confession of judgment.. Supposing as we must that no more of the record exists than is offered in evidence, great weight would be due to this argument, if the question arose on a motion by the defendant to set aside the judgment for irregularity. But no one but the defendant in a judgment can avoid it for irregularity. As long as he is content to waive the irregularity, strangers cannot avail themselves of it collater-

ally. *Jacobs* v. *Burgwyn*, 63 N. C. 196. The record is not a nullity. It is taken from the Minute Docket of Fall Term, 1869, and is apparently the judgment of the Court, and by the words "pleas withdrawn," it appears to have been rendered by the consent of the defendant.

We pass on to the evidence as to further proceedings under this judgment.

The plaintiffs produced in evidence a *fi fa* issued to the Sheriff of Buncombe on the 7th of February, 1870, and levied on the *locus in quo* on the 30th of May, 1870. They then offered to prove by the Clerk of the Court, that on the 14th of March, 1871, he issued a *venditioni exponas* on this judgment which was never returned and after diligent search could not be found in his office. This evidence was objected to but admitted as we think properly. It is too clear to need discussion that the contents of a lost execution, like any other lost writing, may be proved by *parol.* It may be that if the defendants had demanded it, the Judge should and would have required the plaintiffs to show that the missing executions were not in the possession of the Sheriff. But no objection was taken on that ground; and it has been held that if a party assigns an insufficient reason in the Court below for his objection to evidence, he cannot assign a different one in this Court.

The plaintiffs then for the purpose of showing a sale of the land in question put in evidence a deed from Young, Sheriff of Buncombe, in which he recites that by virtue of sundry executions against W. L. Henry, the parties to which are described by their names, and among them, an execution in favor of B. H. Merrimon, and also one in favor of J. F. E. Hardy, Cashier, (which may pass without notice at present) he had levied on the lands in controversy as the property of W. L. Henry, and sold the same on the 1st of July, 1871, when James L. Henry, G. M. Roberts, P. Rollins and W. W. Rollins became the purchasers, and he proceeded

to convey the land, by a particular description, to them. The deed is dated July 1st, 1871, and is marked " C " in the record of this case.

In delivering the opinion of the Court in *Edwards* v. *Tipton*, 77 N. C. 222, I said *arguendo* that I was not aware of any case in which it had been held that the recitals in a Sheriff's deed were *prima facie* evidence of the judgment, levy, sale, &c., except under exceptional circumstances. The remark did not affect the case then under decision, and I made it on the authority of *Owen* v. *Barksdale*, 8 Ire. 81. I have since discovered that this case was apparently disapproved of on that point in *Hardin* v. *Cheek*, 3 Jones, 135. On this last case however it requires to be observed, that the execution sale under which the defendant claimed was made in 1775, and as the trial took place in 1855—eighty years afterwards—the circumstances may be considered exceptional, and thus the two cases may be reconciled. On this question we have looked for authorities outside of this State, and we have found but few and they are not clear.

In *Kelly* v. *Green*, 53 Pa. 302, it was held that after proof of judgment and execution, a recital in a Sheriff's deed that he had given due notice of the time and place of sale, and that it was after an adjournment, is evidence of the truth of those recited facts, on the ground that the deed was an official act. In *Osborne* v. *Tunis*, 1 Dutch. (N. J.) 633–662, it is said " the recitals in a Sheriff's deed of a compliance with the requirements of a statute, has always been regarded as evidence of the fact." And to the same effect is *Hihn* v. *Peek*, 30 Cal. 280, as stated in Herman on Ex. § 290, p. 472. The case is not accessible. I find also cited *Sabattie* v. *Boggs*, 55 Ga. 572; *Taylor* v. *Elliott*, 52 Ind. 588, and *Anderson* v. *Clark*, 2 Swan (Tenn.) 156.

The rule which seems to be established, and which is supported by reason, appears to be this;—The return to an execution is ordinarily the best evidence of a levy and sale

under it. But when the execution has not been returned to the Clerk's office, and it, with any return on it, has been destroyed or lost, and it is proved otherwise than from the recital that there was a judgment and execution, the recital in a Sheriff's deed is *prima facie* evidence of the levy and sale, they being official acts of the Sheriff, even although the sale was not a recent one. This rule is intended to be applicable only to cases like the present, and does not touch cases like *Hardin* v. *Cheek;* where the deed was an ancient one, but there was no proof of a judgment and execution. With this view of the effect of the Merrimon judgment, and of what was done under it, it is unnecessary to consider the plaintiffs' title under the Hardy judgment and the proceedings thereon.

We concur with the Court below, that the Sheriff's sale and deed conveyed the *legal* title in the *locus in quo* to the purchasers at the sale.

3. In this consideration of the plaintiffs' title we have passed over the exception to the admission in evidence of the deed from J. L. Henry to W. W. Rollins. J. L. Henry was one of the purchasers at the execution sale on the 1st of July, 1871. The only effect of the rejection of his deed as evidence would have been either to limit the recovery of the other plaintiffs to three fourths of the land, or to have required an amendment making J. L. Henry a party plaintiff. The validity of this conveyance did not touch the real question in controversy between the parties. The objection of the defendants might have been met by proof at the trial of the hand-writing of J. L. Henry, and we do not know why the plaintiffs chose to risk their case on an exception which, whatever might be its force, we must presume could have been so easily avoided.

We are of opinion that this deed was improperly admitted. It does not come within any of the cases provided for by the statute, (Bat. Rev. ch. 35 § 2, sub. § 3 and 4); and it

was held in *Carrier* v. *Hampton*, 11 Ire. 307, that although
proof of a deed in any way permitted by the common law
will authorize its registration, yet unless the proof be such
as the statute requires, the registration will not make the
deed evidence, but its execution must be proved on the
trial.   If this deed had been rejected, the plaintiff would
still have had a *prima facie* title to an undivided part of the
land, and it is necessary to examine the defence set up.

II.   *The defence attempted to be set up on the trial was;* That
the defendant had a superior legal title by virtue of a decree
of the Superior Court of Graham County, made at Spring
Term, 1874.   In order to form an opinion as to the effect of
this decree, it is necessary to notice the material facts of the
action in which it was made.   On the 6th of September,
1850, an agreement was entered into between R. M. Henry
(the present defendant) and W. L. Henry, to the effect, that
any property which might be acquired by either of them
from either of their parents, should be held for the common
and equal benefit of both parties to the agreement.   In Feb-
ruary, 1864, R. M. Henry filed his bill in the Court of Equity
for Buncombe County, alleging that the defendant had ac-
quired from his father the land now in controversy with
much other property, and demanding the specific perform-
ance of the agreement, and to that end an account of the
property acquired, and a conveyance of a moiety thereof.
The action pended until Spring Term, 1873, when an order
was made that it be removed for trial to the Superior Court
of Rutherford.   After the making of that order, viz: on the
11th of March, 1873, the parties agreed in writing to re-
move the action to the Superior Court of Graham County, and
at Spring Term, 1874, of that Court, a decree was made by
consent, that the plaintiff recover the land now in contro-
versy, and it was declared in the decree that it should have
the effect to convey the legal estate in fee to the plaintiff,
the present defendant.

Upon the trial evidence was given tending to prove that

this decree was collusive and fraudulent· Supposing the decree to have been otherwise efficacious to pass the legal estate as against the plaintiffs, that objection to it was legitimate and raised a mixed question of fact and law, and if it were found that the decree was fraudulent, the Judge would properly have held it void and put it out of view as affecting the title.

The evidence to prove the decree fraudulent consisted of certain declarations of W. L. Henry the defendant in it. No doubt there are cases in which such extraneous evidence may suffice to prove a judgment fraudulent. But the true test in this case is to be found in the decree itself. A decree by consent is merely a conveyance between the parties, and whether it is fraudulent or not as to the creditors, must be determined by the consideration, which in this case was the equity of R. M. Henry under the agreement. The Judge did not take this view of the decree, but denied it all force, and held that it could not pass the legal estate as against the plaintiffs, *whose estate was acquired prior thereto.* Probably he thought that the doctrine of *lis pendens* was applicable to a case where only the legal title was in issue. That general doctrine is familiar and is firmly established. It may be stated with sufficient accuracy for the present purpose, to be this;—When a person buys property pending an action of which he has notice, actual or presumed, in which the title to it is in issue, from one of the parties to the action, he is bound by the judgment in the action, just as the party from whom he bought would have been. The rule is absolutely necessary to give effect to the judgments of Courts, because if it were not so held a party could always defeat the judgment by conveying in anticipation of it to some stranger, and the plaintiff would be compelled to commence a new action against him, and so on indefinitely. And the rule also is (except as it may be qualified by § 90 C. C. P.) that every person who buys property under such circum-

stances is conclusively presumed to have notice of the pend-
ing litigation. The rule applies equally to actions at law
and in equity. If a defendant in ejectment should sell his
estate pending the action, the purchaser would be bound by
the judgment, and would be ejected from possession as his
vendor would have been.

We think the Judge erred in refusing to allow any force
to the decree of 1874. It was not apparently irregular. It
was lawful for the parties to the action to agree to substi-
tute Graham for Rutherford as the County to which the
action should be removed for trial. A' decree by consent
binds the parties, and their privies in estate, but it is open
to these last to impeach it on the ground that it was fraud-
ulent to their injury, and in the present case it would be
fraudulent as to the plaintiffs, if it gave to the defendant R. M.
Henry any greater estate in the property than he was equita-
bly entitled to, and than would have been given him by the
Court on a hearing of the action. Subject to this liability
to be impeached, and until impeached, the decree (under
our Act, Rev. Code, ch. 32, § 24, re-enacted by ch. 17, Laws
1874–'75), passed a legal title to the present defendant,
against all in privity with W. L. Henry, from the com-
mencement of the action in which the decree was made.
We need not consider the effect of § 90, C. C. P., requiring
notice of *lis pendens* to be filed with the Clerk of the Supe-
rior Court of the County in which the land lies, because
the action was commenced in the County in which the land
lies, and specially because the plaintiffs were purchasers at
execution sale; and it is settled law in this State, that such
a purchaser takes subject to all equities against the defen-
dant in the execution *whether he has notice of them or not.*

As our opinion on this point entitles the defendant to a
new trial, we might stop here. But there is another ques-
tion upon which the Judge passed, that will probably arise

upon a new trial, and on which we think it our duty to express an opinion, as it will aid the parties in reaching a just determination of the matters in issue between them.

The defendant contended on the trial that even if the decree of Graham Superior Court was ineffective to convey to him a legal estate in the land paramount to that of the plaintiffs, yet that under it, or at least, under the agreement between R. M. Henry and W. L. Henry of September, 1850, they had an equitable estate or right to the land, or to some part of it, which was a defence to the plaintiffs' demand. The Judge held, however, that inasmuch as by their answer, the defendants had denied the legal title of the plaintiffs, and had claimed a legal title in themselves, and had not set up any equitable defence, they were not at liberty to do so on the trial, but must avail themselves of any equitable rights they might have in a separate action.

In this opinion we concur with the Judge. It is by the pleadings that the parties make and define the issues upon which they put their rights, and it cannot be allowed to either, upon the trial, to change or add to the issues which have deliberately been joined.

It is manifest, however, that the defendants have some equitable rights, of the extent of which it is not proper for us now to speak. As there is to be a new trial, they should be allowed to amend their answer if they choose to do so, by setting them up as a defence. If they elect not to do so, we are inclined to think that they will not thereafter be estopped from asserting them in a separate action. But if they elect to amend their answer in this respect, it will be for the Judge to decide what the equity of the defendants is under the agreement of September, 1850; or in other words, what should have been the decree in the equity suit between R. M. Henry and W. L. Henry, which was pending in Buncombe Superior Court, without any regard to the consent decree in Graham. This decree, if it gives to the

22

plaintiff in it (R. M. Henry), what he was not equitably en-
titled to under the agreement, to the prejudice of these
plaintiffs, was necessarily fraudulent as to them, and no
proof *aliunde* is necessary. The judgment of the Court
can be so framed as to give to the defendants the benefit of
any equities to which they may be found entitled, and thus
end the protracted controversy between these parties.

There is error in the judgment below. A new trial is or-
dered. Let this opinion be certified, &c.

Error.

PER CURIAM.                              *Venire de novo.*