T. G. WALTON, Commissioner, v. WM. M. WALTON and others.

*Jurisdiction—Practice—Irregular Judgment.*

1. The superior court is one of general common law jurisdiction over all actions *ex contractu*, when the principal sum demanded is more than two hundred dollars, and other causes which may be allotted to it by the general assembly within the limits of the constitution. Art. iv, § 12.

2. When there is no defect of jurisdiction, a judgment will not be set aside to let in a defence, however meritorious, which the party cast neglected to make in apt time.

3. A judgment by default where the defendant has accepted service of the summons, but fails to appear and answer the complaint, the suit being on an instrument for the payment of money only, is regular in all respects.

4 A stranger to an irregular judgment cannot be heard to move its vacation.

(*Branch* v. *Houston*, Busb. 85; *Smith* v. *Moore*, 79 N. C., 82; *Jacobs* v. *Burgwyn*, 63 N. C. 196; *Rollins* v. *Henry*, 78 N. C., 342, cited and approved.)

MOTION to set aside a judgment, heard at Spring Term, 1878, of BURKE Superior Court, before *Cloud, J.*

From the transcript of the record and the case agreed by the counsel in the court below, the facts are that the heirs of Thomas Walton, deceased, in 1859, filed their petition for the sale of their ancestor's land and a division of the proceeds of sale in the court of equity of Burke county. In the regular course of the suit, under decree of the court, a part of the land was sold by E. J. Erwin, clerk and master, and sales confirmed. In 1868 T. George Walton was appointed to make sale of the lands not sold by the clerk and master, and under this appointment, the said T. George Walton, as commissioner, sold to William M. Walton, one of the heirs of Thomas Walton, the brick corner lot in the town of Morganton at $2,950 and secured the payment of the purchase money by taking his bond, with John H. Murphy as surety, and this sale was confirmed by the court. In October, 1872, while the suit in equity aforesaid was still pending, T. George Walton, as commissioner, brought suit on said bond to the fall term of Burke superior court and William M. Walton acknowledged the service of the summons and at the term judgment by default for want of an answer was taken against William M. Walton alone. Upon the rendition of the judgment an execution was issued and returned by the sheriff, indulged by the plaintiff. William M. Walton paid on the judgment $500 and no other execution was issued until the 5th of January, 1878, and it is agreed, that was issued by leave of the court on regular proceedings to relieve against dormancy.

In the meantime, in the year 1877, Moore, Jenkins & Co., Watrous, Sims & Co., E. S. Jeffreys & Co., Dunsmore & Kyle, Hurst, Purnell & Co., and others obtained judgments against W. M. Walton, and had the same docketed in Burke superior court, and executions were issued and in the hands of the sheriff at the same time with the one issued in favor

of T. George Walton, all returnable to spring term 1878, and under these executions the sheriff put up and sold all the lands of the debtor, and some difficulty being suspected as to the title, the purchaser refused to pay his bid, and thereupon the executions were returned, no sale.

The sale having failed, the said judgment creditors, Moore, Jenkins & Co., and others, at the return term of these executions moved the court for leave to intervene in the suit in which T. George Walton had recovered his judgment against W. M. Walton, and on leave given, they filed their petition, wherein besides the facts above set forth, they represented that W. M. Walton was entitled to a credit on his purchase to one-sixth and one-fourth of one-sixth of the proceeds of sale of all the lands of Thomas Walton, deceased, besides the $500 paid on the judgment, and that the plaintiff, T. George Walton, had the title to the land retained as a security for the purchase money due from W. M. Walton; and they showed forth that the action against W. M. Walton by the plaintiff as commissioner was brought when remedy might be had in the pending suit in equity, and therefore insist that the judgment recovered was irregular and void, and the only relief they pray for is that the judgment in favor of the plaintiff, T. George Walton, and the execution issued thereon and levied on the lands of W. M. Walton be vacated and set aside. On the hearing of the motion His Honor adjudged that the action of T. George Walton against W. M. Walton was unnecessary, and that remedy might be had by motion in the equity cause for the sale of the land, still pending, and that the judgment was irregular and contrary to the course of the court, and he adjudged that the said judgment be vacated and set aside, and from this judgment the appeal is taken by the plaintiff.

*Messrs. Folk* and *Armfield*, for plaintiff.
*Messrs. Hinsdale & Devereux*, for defendants.

DILLARD, J. (After stating the case.) The question for our determination is, was the judgment in this action void absolutely from a defect of jurisdiction in the superior court to grant it, or voidable from some privilege or exemption of defendant, or other thing for which the jurisdiction might have been abated, or from being entered irregularly and contrary to the course and practice of the court. The superior court is a court of general common law jurisdiction, and its power extends to all actions founded on contract and otherwise, which has been or may be allotted to it by the general assembly not in conflict with the provisions of the constitution. Art. 4, § 12. And said courts having, under the apportionment of power as now conferred, jurisdiction extending to actions on contracts wherever the principal sum demanded is above two hundred dollars, there was no defect of jurisdiction to entertain the plaintiff's action and the judgment rendered was not void. *Branch* v. *Houston*, Busb , 85.

Is the judgment voidable? It might have been *prevented*, if W. M. Walton had appeared and set up, by plea or answer, (or perhaps on motion to dismiss) the pendency of the suit in equity in which remedy might be had, in abatement of this action, but failing to appear and make the defence, the judgment entered against him being in a court having jurisdiction over the subject matter, the door was closed as to him. *Branch* v. *Houston*, Busb., 85; *Smith* v. *Moore*, 79, N. C., 82.

Was the judgment taken, irregular and contrary to the course and practice of the court? and if so, on whose motion may it be vacated and set aside? The suit was begun by summons, the service was acknowledged in writing, and complaint filed; and defendant not appearing, judgment by default final was signed by the judge presiding, and the same constitutes a part of the judgment roll, and it thus appears that it was taken according to the regular course and practice of the court, and cannot now be set aside at

the instance of the defendant. It is settled that even if the judgment were irregular, a stranger could not intervene and be heard to move its vacation. *Jacobs* v. *Burgwyn,* 63 N. C., 196; *Rollins* v. *Henry,* 78 N. C., 342.

It was error therefore in the court below to vacate the judgment of the plaintiff, and the judgment of His Honor vacating the same is reversed with the costs of this court against Moore, Jenkins & Co., and others making the motion in the cause.

It may be that the junior creditors of W. M. Walton may have remedy to put the plaintiff's judgment primarily on the land for which it is the purchase money, so as to leave the other lands for payment of their judgments, or if the other lands shall be sold for plaintiff's debt, they may be entitled to be subrogated to the security of the plaintiff. But as to this matter this court will not undertake to advise.

Error.                                        Reversed,