SAMUEL J. HINSDALE v. SARAH E. HAWLEY, Adm'x.

*Judgment, vacation of for irregularity.*

A judgment can be set aside for irregularity, only at the instance of the party prejudiced.

(*Wolfe* v. *Davis*, 74 N. C., 597; *Emmett* v. *Steadman*, 2 Hay., 15; *Ray* v. *Patton*, 86 N. C., 386; *Jacobs* v. *Burgwyn*, 63 N. C., 196; *Rollins* v. *Henry*, 78 N. C., 342, cited, distinguished and approved).

MOTION to set aside a judgment heard at Fall Term, 1882, of CUMBERLAND Superior Court, before *Gilmer, J.*

This action, upon a promissory note given by Hawley & Lee, was begun in April, 1867, against the surviving partner Lee, and the defendant Sarah E. Hawley, administratrix of the deceased partner, and at the return term of the superior court of law of Cumberland, the administratrix entered the plea of fully administered. No other defence appears to have been made against a recovery. At November term, 1869, the cause having been transferred to the superior court, judgment was entered up in the following form:

"Judgment according to specialty filed for the sum of one hundred and eight dollars and fifty-six cents, of which sum sixty-eight dollars and thirty-eight cents is principal money, together with the costs in this case to be taxed by the clerk. It is ordered by the court, that no execution issue until further proceedings are had according to law before the clerk to ascertain the state of the assets in the hands of the defendants."

No further action was had in the cause until 1876, when the plaintiff caused to be served on the administratrix notice of his intended motion, at the term following, to set aside the judgment, as being irregular and contrary to the course of the court, in that, the pleas as to the assets of the intestate had not been first disposed of.

The motion was made and at fall term, 1882, heard and

granted, so far as it related to the defendant administratrix, and from this ruling she appeals.

*Messrs. Hinsdale & Devereux*, for plaintiff.
*Messrs. Frank McNeill* and *N. W. Ray*, for defendant.

SMITH, C. J., after stating the case.   Our attention is called to the case of *Wolfe* v. *Davis*, 74 N. C., 597, wherein a judgment, essentially the same in terms as the present, is held to be irregular, and a refusal to set it aside reversed for error.   The ruling would be directly applicable if the movement in this case for the vacation of the judgment, as in that, had proceeded from the defendant, the injured party.   The administratrix has been deprived of her defence of a want of assets, so as to render her personally chargeable, if the record remains showing an absolute and final judgment against her in her representative character. Still it has been held, that to a process instituted to subject her own estate to the recovery, she may show that she had no assets, as the opportunity of doing so had been lost.   *Emmett* v. *Steadman*, 2 Hay., 15, commented on, and the present practice explained in *Ray* v. *Patton*, 86 N. C., 386.

But we are unable to see in what manner the plaintiff can be prejudiced by the form of the record of the judgment, unless in so far as it restrains the issue of execution, and the correction of this will afford him full relief, without disturbing the judgment itself.   Should he seek to convert it into a personal judgment, the defendant, upon the authority of the case cited, would be at liberty then to set up the defence of the want of assets in answer to the process.   But, in our opinion, so long as the defendant is content, the plaintiff cannot call on the court to vacate what we must understand to have been done at his instance and for his benefit.

"No one but a defendant," says RODMAN, J., in *Jacobs* v. *Burgwyn*, 63 N. C., 196, "can complain of its irregularity,"

and this is repeated in *Rollins* v. *Henry*, 78 N. C., 342, meaning, as we interpret the words, the party injured.

We do not concur in the ruling of the court, and the judgment must be reversed. It is so ordered.

Error.                                                      Reversed.