The opinion of the court was delivered by
Nicholls, O. J.
On February 9, 1892, the plaintiff filed a petition against the defendant, alleging that he was indebted to it in the sum of |2855.30, with legal interest thereon from judicial demand, for goods and merchandise sold him, as would be duly shown on the trial, and prayed for judgment against him for that amount.
On the 2d of March defendant filed an answer pleading the general issue.
On the 13th of April court adjourned to the nest term in course, and on the 1st of August met at its regular session.
*1197 On the 22d of that month this case was taken np for trial and evidence adduced, and on the next day, the 23d of August, the court rendered judgment in favor of plaintiff against defendant as prayed for, signing it the same day. On the 26th of August, 1892, the court adjourned to the next regular term (November 14), on which day it again convened.
On the minutes of the 14th November the minutes show the following entry:
Judicial District Court, Parish of DeSoto.
The Florsheim Bros. Dry Goods Co., Limited, versus Joe Williams.
In the above numbered and entitled suit_ comes the plaintiff by counsel in open court, and moves the court in this case to set aside the judgment, rendered therein at the term of the court holden in the month of August, 1892, and refix the case for trial on the ground that said judgment was rendered contrary to law and without sufficient evidence.
On the 16th the court acted on this motion, set aside the judgment, reinstated the case and fixed it for trial for the 19th, on which day it was taken up, evidence adduced and judgment rendered and signed a second time in favor of plaintiff against the defendant, as prayed for in the petition.
On the 2d of December, 1892, the court adjourned to its next regular term.
On the 3d day of May, 1893; the defendant obtained two orders for devolutive appeals — one from the judgment first rendered, on August —, 1892, the other from the second judgment, rendered the 19th of November, 1893, which two appeals he . perfected by citing plaintiff and giving bond.
Both judgments bear the same title and the same number on the docket of the DeSoto court, and two transcripts, both also having the same title and number, have been filed in this court under a single number.
From the record it appears that the only evidence adduced on the first trial was an instrument in the following words:

*1198
Statement.

Shreveport, La., February 8, 1892.
Mr. Joe. Williams
To the Florsheim Bros. Dry Goods Co., Limited.
January 28. To statement rendered....................................$3,049 03 Angust26. To cash.................................................................. 17 40 — $3,066 43 Cr. March 18. By pro. 10 B. C.................................................... 312 19 June 15. By pro. 4 B. C...................................................... 120 45— 432 64 $2,633 78-Interest to date............................................................................................ 221 60 Amount due us............................................................................................ $2,855 39
State oe Louisiana, 1 Parish of Caddo., j
Personally appeared before me, the undersigned authority, Henry Florsheim, president of the Florsheim Brothers Dry Goods Co., Limited, who deposes and says upon his oath that the above account of Florsheim Brothers Dry Goods Co., Limited, against Joe. Williams for the sum of $2855.39 is juso, correct, due and unpaid, and that all credits, offsets and payments known to affiant have been allowed.
Henry Florsheim.
Sworn to and subscribed before me this 29th day of February, 1892.
Lewis E. Carter, Notary Public.
This case is in a very anomalous condition. It seems that the plaintiff, after he had obtained a judgment against the defendant, and after the term of court at which it was rendered had closed, became apprehensive that it contained an inherent and radical weakness, of which the defendant could at his leisure avail himself. Not, wishing that this situation of affairs should longer continue, he, of his own motion, had the judgment set aside by the court, the case reinstated as an open one upon the docket, and proceeded without notice of any kind to the defendant in any of these after proceedings, to take a new judgment. He ignored the fact that the former judgment had, at the moment he moved to set it aside, become a finality so far as its revision through the instrumentality of a new trial was concerned, and doubtless proceeded upon the *1199 theory that Art. 540 of the Oode of Practice, which declares that a judgment once rendered becomes the property of him in whose favor it has been rendered, and that the judge can not alter the same except in the mode provided by law, was not applicable to the party obtaining the judgment, but had reference solely to an alteration to the prejudice of the judgment creditor. That quoad the defendant the judgment evidenced an obligation and not a right, and that the judgment obtained being the property of the plaintiff he was at liberty to relinquish the benefit of it and replace matters in the situaion in which they were before it was obtained. That the defendant had no possible ground of complaint, but that he was really a gainer by the change. It is very true that the judgment obtained was the property of the plaintiff, and that to a certain extent he had control over it, but the law did not give him control to such an extent as to injuriously affect the rights of others. It was for the defendant, and not for the plaintiff, to decide whether an alteration in the judgment as originally rendered would be disadvantageous to him or not. Though not the owner in one sense of the judgment, the defendant had certain rights springing from and resting on the judgment from which the plaintiff could not cut him off, one of which was the right of appeal, the ex parte setting aside of the judgment to the contrary, notwithstanding.
Of this right he has availed himself, and he is properly before us an appellant from the first judgment.
He claims that that judgment was rendered upon insufficient evidence ; that at the time the ease was tried it did not stand on default, but upon issue joined on an answer pleading the general denial; that the amount involved being over $500, plaintiff’s demand had to be proved by one credible witness and corroborating circumstances (0. O. 2277). That whilst “ a corroborating circumstance” would have been found in the fact of a judgment by default had defendant permitted the case to stand in that way — that “corroborating fact” was doné away with by the filing of the answer, and matters had to be determined as to the sufficiency of the evidence by the general rule.
He further claims that Act. No. 31 of 1890 applies only to cases standing on default where it was anticipated that the affidavit to the correctness of the open account sued upon would be strengthened *1200 and supplemented by the tacit admission arising from the default itself.
In support of the correctness of these views, plaintiff presses upon us the judicial admission made by the plaintiff himself in asking for the setting aside of the judgment, that it was contrary to law and rendered upon insufficient evidence. As we have before us the record in which this statement was made, that fact has necessarily come to our knowledge, but not to our knowledge in such a way that on the present inquiry it can be utilized for plaintiff’s benefit. In appealing from the first judgment plaintiff restricted matters to those occurring up to the judgment; he cannot pass beyond that point so far as the first judgment is concerned. That judgment was obtained, as we have said, solely on the strength of the affidavit of the president of the plaintiff corporation; it was not as absolute, direct and positive as it should have been in its terms.
The amount involved was over $500, and the case was not standing on default. We think the defendant, under the circumstances, was entitled to exact stronger evidence. We are of the opinion that the judgment itself should be reversed, but the reversal of the judgment will not carry with it the dismissal of plaintiff’s demand. For the reasons herein assigned, it is ordered, adjudged and decreed that the judgment rendered by the District Court for the parish of DeSoto on the 23d day of August, 1892, in favor of the plaintiff against the defendant and appealed from herein, be annulled, avoided and reversed, the case reinstated and remanded for further proceedings according to law.