AMITY APARTMENTS, INC. *v.* HELEN MARTIN

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CV 6-6812-38998

Argued March 9—decided March 20, 1970

*Francis X. Dineen,* of New Haven, for the appellant (defendant).

*Charles Henchel,* of New Haven, for the appellee (plaintiff).

PER CURIAM. On March 21, 1969, the plaintiff obtained a judgment in the Circuit Court for the sixth circuit *(Stapleton, J.)* to recover possession of premises described in the complaint as apartment No. B-8, Amity Gardens, 77 Fowler Street, 2-L, in the city of New Haven, Connecticut. Within the time limited by the appeal statute (§ 52-542), the defendant appealed to the Appellate Division, and, in the appeal, she requested the court to make a finding. See Practice Book § 980. No finding of facts appears in the record. On January 28, 1970, the plaintiff moved in this court for leave to withdraw the action.

In this state, a plaintiff may withdraw his action as a matter of right only if he does so prior to the "commencement of a hearing on the merits thereof"; thereafter, he may withdraw the action "only by leave of court for cause shown." General Statutes § 52-80. The motion for leave to withdraw the action should be addressed to the trial court, and not to the Appellate Division.

We remand this cause to the trial court *(Stapleton, J.)* to give consideration to the plaintiff's motion for leave to withdraw the action in the light of the statute (§ 52-80) and such cases as *Carvette* v. *Fidelity & Deposit Co.,* 152 Conn. 697, 699, and *Moriarty* v. *Mason,* 47 Conn. 436, 438. See *Mansour* v. *Clark,* 5 Conn. Cir. Ct. 439, 443; Stephenson, Conn. Civil Proc. § 120a. We should point out that only the trial court possesses the power to open, set aside, vacate or modify the judgment; see *Bronson* v. *Schulten,* 104 U.S. 410, 415; *Tyler* v. *Aspinwall,* 73 Conn. 493, 497; and the exercise of this right "is not affected by beginning or not beginning an appeal." *Thompson* v. *Towle,* 98 Conn. 738, 741; see *Clover Farms, Inc.* v. *Kielwasser,* 134 Conn. 622, 623. "While such a motion should not be readily granted nor without strong reasons, it ought to be when there appears cause for which the court acting reasonably would feel bound in duty so to do." *McCulloch* v. *Pittsburgh Plate Glass Co.,* 107 Conn. 164, 167; *Ideal Financing Assn.* v. *LaBonte,* 120 Conn. 190, 195.

KOSICKI, CASALE and JACOBS, Js., participated in this decision.[1]

---

[1] In a decision on June 19, 1970, on a motion by the plaintiff to dismiss the appeal, the Appellate Division of the Circuit Court *(Dearington, Jacobs* and *Kinmonth, Js.)* further stated:

"We are again compelled to remand this cause to the trial court *(Stapleton, J.)* to make a determination after hearing with or without the taking of evidence; see 49 C.J.S., Judgments, § 299; as to whether the judgment rendered on March 21, 1969, ought to be opened and vacated, and, if so, the basis of the court's action; and, in the event the judgment is opened and vacated, to consider the plaintiff's motion for leave to withdraw the action.

"We emphasize again that the policy of the law favors finality of litigation, and solemn adjudications should not be set aside lightly or except for cogent reasons."