AMITY APARTMENTS, INC. *v.* HELEN MARTIN

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 6-6812-38998

Argued January 4—decided February 26, 1971

*Francis X. Dineen,* of New Haven, for the appellant (defendant).

*Charles Henchel,* of New Haven, for the appellee (plaintiff).

JACOBS, J.   This case has an unusual procedural history.   On March 21, 1969, the plaintiff obtained a judgment in summary process; on March 26, 1969, the defendant took a timely appeal to the Appellate Division.   On January 26, 1970, the plaintiff filed in this court a motion for leave to withdraw the action.   We held that the "motion for leave to withdraw the action should be addressed to the trial court, and not to the Appellate Division."   *Amity Apartments, Inc.* v. *Martin,* 6 Conn. Cir. Ct. 168. We pointed out that "only the trial court possesses the power to open, set aside, vacate or modify the judgment . . . and the exercise of this right 'is not affected by beginning or not beginning an appeal.' " Id., 169.   After our remand, the trial court held an "informal hearing" on March 30, 1970, and ruled that the "motion for leave to withdraw is granted provided the plaintiff within one week from the date hereof reimburse the defendant for any cash costs actually expended in pursuit of her appeal." Because the trial court failed to consider the opening of the judgment, we were again compelled to remand the case to the trial court "to make a determination after hearing with or without the taking

of evidence . . . as to whether the judgment rendered on March 21, 1969, ought to be opened and vacated, and, if so, the basis of the court's action; and, in the event the judgment is opened and vacated, to consider the plaintiff's motion for leave to withdraw the action." *Amity Apartments, Inc.* v. *Martin,* supra, 169 n. We emphasized "that the policy of the law favors finality of litigation, and solemn adjudications should not be set aside lightly or except for cogent reasons." Ibid.

On July 14, 1970, after hearing, the trial court "ordered the judgment of March 21, 1969 re-opened and vacated, and granted plaintiff's motion for leave to withdraw the action." The court gave as reasons for its action "(1) plaintiff conceded in favor of the defendant on the issue of nonpayment of rent due and payable September 1, 1968; (2) defendant remains in status quo and is still in possession of the subject premises; (3) defendant has suffered no financial expense; (4) plaintiff agrees to and is ordered to pay Legal Assistance Corporation of New Haven, Connecticut, appeal fee and costs of brief; (5) plaintiff should have the right to commence new action, if it so desires, based on other grounds, without further delay; and (6) there are no issues in this particular action left for determination." From the court's orders, the defendant has appealed.

That courts have power, in a proper case, to set aside a judgment at the instance of a party in whose favor it was rendered is nowhere disputed. 1 Black, Judgments (2d Ed.) § 314; 49 C.J.S., Judgments, § 293, p. 541; 46 Am. Jur. 2d, Judgments, § 692; note, 40 A.L.R.2d 1127, 1129. It is settled law that relief from the judgment is within the sound discretion of the trial court and, in the absence of a clear showing of abuse, will not be interfered with by an appellate tribunal. *Robinson* v. *Robinson,* 208 Cal.

App. 2d 213, 221; *Rackov* v. *Rackov,* 164 Cal. App. 2d 566, 569; *Grant Inventions Co.* v. *Grant Oil Burner Corporation,* 104 N.J. Eq. 341, 344. It is not likely that a case would occur in which a plaintiff would ask the court to set aside a judgment in his favor. Yet, it is conceivable that a case might arise where an irregularity has crept into the judgment, without the fault of the plaintiff, and that justice would then require the exercise of the court's power over the judgment in the plaintiff's, as well as in the defendant's, behalf. "As a general rule, a party may have a judgment set aside or vacated on the ground of mistake, inadvertence, excusable neglect, or the like, even though the judgment is in his favor." Note, 40 A.L.R.2d 1127, 1129; see *Combs* v. *Hyden,* 142 Ind. App. 426, 429. In the case before us, apart from the general claim that the court below opened the judgment for "sufficient cause," there is nothing in the record to show that the plaintiff was in some way prejudiced by the judgment. See *Hinsdale* v. *Hawley,* 89 N.C. 87, 88.

It is difficult for us to conceive of a situation in which the opening and setting aside of a judgment would not affect some right of the defendant. It has been argued that the plaintiff, since the present judgment was its property, was at liberty to relinquish the benefit of it; that the defendant has no possible ground of complaint; and, indeed, that it was to the defendant's advantage, if not for her benefit. But the law does not give a successful party such complete control over his judgment. See *Moriarty* v. *Mason,* 47 Conn. 436, 438. It was for the defendant, not the plaintiff, to decide whether an alteration in the judgment would be advantageous to her or not. Though not the owner of the judgment, the defendant had certain rights springing from and resting on the judgment from which the plaintiff could not cut her off, one of which was her

right to take an appeal. We think, therefore, that the defendant is properly before us as an appellant from the original judgment. See *Florsheim Bros. Dry Goods Co.* v. *Williams,* 45 La. Ann. Rep. 1196, 1199.

In our opinion, "so long as the defendant is content, the plaintiff cannot call on the court to vacate what we must understand to have been done at . . . [the plaintiff's] instance and for . . . [its] benefit." *Hinsdale* v. *Hawley,* supra.

The motion to dismiss is denied; and since the defendant is properly before us as an appellant from the original judgment, the case is remanded with direction to set aside and vacate the orders appealed from and to restore the case to the docket for further proceedings according to law.

In this opinion KINMONTH, J., concurred.

CASALE, J. (dissenting). In the appeal filed by the defendant July 20, 1970, she neither requested a finding nor submitted a draft finding as required by Practice Book § 979, as amended effective July 1, 1969.

While the memorandum of decision of the trial court filed on July 14, 1970, is, of course, part of the record on appeal, it is not formulated in the form of a finding of facts in accordance with Practice Book §§ 980, 993. The memorandum of decision cannot of itself be the basis on which the assignments of error filed December 23, 1970, may be made. Maltbie, Conn. App. Proc. § 152, p. 188.

Without a finding, we cannot determine whether there was sufficient cause for the trial court to open the judgment and permit the withdrawal of the action.

I disagree that the motion to dismiss must be denied.