[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE PLAINTIFFS' MOTION TO OPEN JUDGMENT ANDCT Page 10139FOR RECONSIDERATION
The plaintiffs have moved to open a judgment that was entered by this court on June 17, 1994 on a jury verdict which was returned on December 28, 1993 in favor of the plaintiffs for $97,000 in compensatory damages and $123,150 in punitive damages on the first count of their complaint sounding in fraud, and $97,000 in compensatory damages on the second count which was brought under the Connecticut Unfair Trade Practices Act (CUTPA). The court also awarded $137,752.33 in punitive damages and $137,752.33 in attorney's fees and costs on the CUTPA count after the verdict.
On July 7, 1994, the defendants filed an appeal from the judgment and one of the issues included in their reasons for appeal was whether the trial court erred in submitting the CUTPA count to the jury. On July 19, 1994, the Connecticut Supreme Court released its decision in Associated Investment Co. Ltd. Partnership v.Williams Associates IV, 230 Conn. 148, holding that a CUTPA cause of action is essentially equitable in nature and that "article first, § 19 of our state Constitution does not give rise to a right to a jury trial for claims brought under CUTPA." Id. 161-62.
On July 28, 1994, the plaintiffs filed in the trial court a "Motion to Open Judgment and for Reconsideration" in which it requested the court to reopen the judgment and to reconsider its decision. The plaintiffs assert in their motion that it is proper for this court to determine the defendants' liability to the plaintiffs under CUTPA for compensatory damages, attorney's fees and punitive damages because it heard all the evidence in the case and can, without further hearing, properly make that determination, and that the granting of their motion will be in the interest of judicial economy "in that it will avoid an unnecessary consideration of this issue on appeal and a possible remand on this matter."
Their brief in support of the motion states that since the court has heard all the evidence bearing on the CUTPA claim, "it has the power to make findings of fact with respect to that claim." They also argue that "[s]uch a procedure is analogous to a remand after appeal where a trial court is directed to make findings as to issues which were properly before it but which were not previously decided." CT Page 10140
The defendants argue in opposition to the motion that there is no statutory authority for a judge to reopen a judgment that has been entered on a jury verdict in order to make findings of fact based on his subsequent independent review of the trial record. They also argue that once an appeal has been filed the trial court may take only such actions as are necessary to perfect the appeal under our appellate rules of procedure.
The only statutory authority for requesting a post-judgment finding of facts in the trial court is § 52-226 of the General Statutes which provides that where either party, in an action triedto the court, files a written motion within fourteen days after the entry of judgment for a special finding of "the facts upon which the judgment is founded", the court must make such a finding as a part of the record. (Emphasis added) See also Practice Book Sections 331 through 334. The only provision for a finding in a jury case requires the prevailing party to file a motion "after the return of the verdict and before judgment has been rendered thereon . . . requesting the court to make a special finding to be incorporated in the judgment or made a part of the record . . . that the action or a defense to the action was without merit and not brought or asserted in good faith." General Statutes § 52-226a.
"The supervision and control of proceedings on appeal, except as it is otherwise specifically provided in the rules is vested in the Supreme Court from the time the appeal was taken." Davis v.P. Gambardella Son Cheese Corp., 158 A.2d 492 at 493 (Conn. 1960). Although the filing of the appeal transfers the case to the appellate court for most purposes, the trial court is still required by the rules to take certain actions with reference to the appeal in order to perfect it, such as, for example, opening the judgment, correcting the record to make it "speak the truth", and granting extensions of time. Palmer v. Des Reis, 135 Conn. 388,390.
The majority of state courts take the view that once an appeal is filed the trial court is divested of jurisdiction to hear or rule upon a motion which attempts to vacate the very order appealed from, and some of these courts allow an application to the appellate court for a remand for consideration of a motion to vacate a judgment which is then pending for review by the appellate court. Annot., 5 A.L.R.5th 422. Many federal circuits also adhere to the view that "whatever minimal jurisdiction trial courts retain over a case after a judgment entered therein has been appealed does not include jurisdiction to act in any manner on CT Page 10141 requests to modify that judgment." Molitor v. Anderson, 795 P.2d 266
at 268 (Colo. 1990).
The general principle that is universally recognized by the courts is that once an appeal is perfected, jurisdiction over the case is transferred from the trial court to the appellate court with respect to the substantive issues that are the subject of the appeal. Id. The purpose of the rule is to protect the jurisdiction of the appellate court by preventing the trial court "from rendering the appeal futile by changing the judgment into something different." In re Marriage of Horowitz, 205 Cal.Rptr. 880, 883
(Cal.App. 1984).
The plaintiffs have cited Amity Apartments, Inc. v. Martin, 6 Conn. Cir. 168, in support of their argument that the filing of an appeal does not affect the trial court's power to open a judgment and modify it. In that case, the Appellate Division, in remanding the case to the trial court for a ruling on the plaintiff-appellee's motion to open the judgment, pointed out that "only the trial court possesses the power to open set aside, vacate or modify the judgment . . . and the exercise of this right `is not affected by beginning or not beginning an appeal.'"
After the trial court, on remand, had granted the motion, the defendant took a second appeal to the Appellate Division which reversed the trial court on the ground that "the defendant had certain rights springing from and resting on the judgment from which the plaintiff could not cut her off, one of which was her right to take an appeal." Amity Apartments, Inc. v. Martin, 6 Conn. Cir. Ct. 465, 468-69. The court also stated that the opening and setting aside of a judgment necessarily affects some right of the appellant and that it was for her and not the plaintiff-appellee "to decide whether an alteration in the judgment would be advantageous to her or not." Id. 468.
It is essential that a party's right to judicial review not be undermined or impaired by the unauthorized or questionable exercise of jurisdiction by the trial court whose actions and rulings are the subject of appellate scrutiny. Hartford National Bank TrustCo. v. Tucker, 181 Conn. 296, 298. "A party accorded the right of appellate review is entitled to the full and unhampered exercise of that right in accordance with the applicable rules of practice or statutes." Id.
For the foregoing reasons, the plaintiffs' motion to open the CT Page 10142 judgment and for reconsideration is denied.
Hammer, J.