[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE STATE OF CONNECTICUT'S MOTION FORPERMISSION TO APPEAL
On October 1, 1996, this Court dismissed the Violation of Probation charge pending against the Defendant because the State represented to the Court that the only evidence it had was a positive narcotics test, the results of which had been suppressed by another judge of this court.
Pursuant to § 54-96 of the Conn. General Statutes, the State moves for permission to appeal from this Court's dismissal of the violation of probation proceedings. Sec. 54-96 provides as follows:
 Appeals from the rulings and decision of the superior court, upon all questions of law arising on the trial of criminal cases, may be taken by the state, with the permission of the presiding judge, to the supreme court or to the appellate court, in the same manner and to the same effect as if made by the accused.
 A. JURISDICTION
The defendant first argues that the State's Motion For Permission To Appeal the court's dismissal of the Violation of Probation charge, should be dismissed for lack of jurisdiction because on October 21, 1996, the State filed a civil appeal of the dismissal. The defendant claims that the filing of the civil appeal deprives this court of jurisdiction, because Conn. Practice Book Section 4183 provides "[t]he supervision and control of the proceedings on appeal shall be in the court having appellate jurisdiction from the time the appeal is filed, or earlier, if appropriate."
The Court concludes that the State filed the civil appeal in order to protect its rights in the event that its Motion For Permission To Appeal under Section 54-96 is denied because the court accepts the defendant's argument that a Violation of CT Page 9130 Probation proceeding is not a criminal case.
This court disagrees with the defendant's position that by ruling on the motion to appeal, the court would be impeding the Appellate Court's ability to control its own docket. The Appellate Court will still be able to decide whether the State should be allowed to appeal under Section 54-96, or as a matter of right as the losing party in a civil case, or neither.
This court holds that it does have jurisdiction to decide the State's Motion To Appeal The Dismissal.
The defendant has cited the case of Amity Apartments, Inc. v.Helen Martin, 6 Conn. Cir. Ct. 168 (1970), as authority for its argument that once the appeal was filed, this court no longer has jurisdiction. In that case, the defendant appealed a judgment against her. Thereafter the plaintiff moved in the Appellate division for leave to withdraw the action. The case was remanded to the trial court to consider the plaintiff's motion. The court stated "that only the trial court possesses the power to open, set aside, vacate or modify the judgment. . . . and the exercise of this right `is not affected by beginning or not beginning an appeal'". Id. at 169. This decision does not limit the trial court to the enumerated powers.
Two other cases cited by the defendant, Milford Trust Co. v.Greenberg, 137 Conn. 277 (1950) and Palmer v. Des Reis, 135 Conn. 388
(1949), hold that the trial court can open a judgment after an appeal has been filed, but neither of these cases holds that the only function a trial court can perform is that of opening a judgment.
In a fourth case cited by the defendant, Galland v. Bronson,16 Conn. App. 54 (1988), a habeas corpus petitioner appealed from the judgment denying his petition. He later withdrew his appeal, and two months later filed a motion in the Appellate Court seeking reinstatement of his appeal. The Appellate Court denied the motion, whereupon he filed a motion in the trial court seeking reinstatement of his appeal, which motion was granted thereby purporting to reinstate the appeal. The Appellate Court vacated the reinstatement, holding that the trial court cannot interfere with the Appellate Court's exclusive power over the control of its docket, which the trial court would be doing if it reinstated the appeal after the Appellate Court refused to reinstate it. This case does not, explicitly or implicitly, CT Page 9131 support the defendant's argument that if this Court rules on the plaintiff's Motion For Permission To Appeal, this Court would thereby be interfering with the Appellate Court's exclusive power to control its own docket.
B. SECTION 54-96 OF THE CONN. GENERAL STATUTES
The defendant then argues that the State's motion should be denied for two reasons:
1. A Violation of Probation proceeding is not a criminal case, and therefore § 54-96 does not authorize this appeal.
2. The Court should exercise its discretion by denying the State the right to appeal.
As to the defendant's first argument, the law in Connecticut is clear that "[a] probation revocation hearing is not a criminal prosecution." State v. Wright, 24 Conn. App. 575, 580 (1991).
 The fact that his conduct resulting in the revocation was determined in the manner that it does not transform the revocation proceeding into a criminal prosecution.
State v. Smith, 207 Conn. 152, 176 (1988).
 The ends of probation revocation are thus distinct from the punitive functions of the criminal law and a number of considerations relevant to revocation include factors that are irrelevant to a criminal prosecution.
State v. Smith, supra, pp. 177-178.
The question remains however; does the fact that this is not a criminal prosecution, mean that it is not a criminal case, as required by § 54-96?
If revocation proceedings result in a finding that a defendant violated a condition of his probation, various punishments can be imposed.
 The element of `punishment' in probation revocation of this defendant is attributable CT Page 9132 to the crime for which he was originally convicted and sentenced. Thus, any sentence this defendant had to serve as the result of the violation of the special condition was `punishment' for the crime of which he had originally been convicted. Revocation is a continuing consequence of the original conviction from which probation was granted.
State v. Smith, supra, p. 178.
Therefore, since "revocation is a continuing consequence of the original conviction from which probation was granted," revocation proceedings relate back to the underlying criminal case sufficiently to be classified as a criminal case under §54-96. Furthermore the Conn. Supreme Court in 1992 held as follows:
 The defendant also argues that the court must obtain subject matter jurisdiction anew when the state commences a probation revocation proceeding because the proceeding is not part of the criminal prosecution. The United States Supreme Court has said that a probation revocation proceeding is not a stage of the criminal prosecution. Gagnon v. Scarpelli, 411 U.S. 778, 782, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). That statement, however, was made in the context of holding that "a probationer . . . is entitled to a preliminary and a final revocation hearing" before probation can be revoked because the potential loss of liberty affects an accused's procedural due process rights. Id. The court was not discussing subject matter jurisdiction, and we do not construe its statement to mean that a court loses subject matter jurisdiction over a criminal case when a defendant is sentenced to probation rather than to incarceration.
State v. Carey, 222 Conn. 299, 309 (1992).
As to the defendant's second argument, that this court should exercise its discretion by denying the State the right to appeal, in referring to Section 54-96 our Supreme Court has stated CT Page 9133 that
 [t]he statutory language unmistakably confers upon the trial court the choice of granting or withholding the appeal privilege depending on the circumstances of each case.
State v. S R Sanitation Services, Inc., 202 Conn. 300, 308
(1987).
In ruling on the defendant's motion to exclude the test results, the Honorable Walter M. Pickett, Jr. found "that the evidence against the defendant was obtained in excess of statutory authority and in violation of his right to be free from unreasonable searches and seizure under Article I, § 7 of the Connecticut Constitution. Accordingly, the Court is required to grant the defendant's motion to suppress that evidence pursuant to Practice Book § 821. State v. Marsala, supra,216 Conn. 156."
The motion to exclude raised significant questions of law, including constitutional issues and statutory interpretation. The Court considers this as a sufficient reason to exercise its discretion in favor of permitting the appeal.
The State's Motion For Permission To Appeal is granted.
RICHARD A. WALSH, J.